## LODWICK LUMBER COMPANY v. R. W. TAYLOR.

### No. 1585. Decided December 19, 1906.

**1.—Real Property—Conveyance of Timber—Removal.**

A conveyance, in fee simple, forever, as land, of all the timber on certain real property, carries with the title to the timber the right to the use of the soil for its sustenance, and of entry upon the land for its enjoyment; no such limitation as that the timber must be removed within a reasonable time can be imported by construction into such a grant or reservation. (Pp. 272, 273.)

**2.—Same—Case Stated.**

The owner of land conveyed all the timber thereon in fee simple to one from whom, by mesne conveyances, it passed to the lumber company, which, more than ten years later, entered and cut timber from the land; the company was not liable therefor to one who had, in the meantime, acquired by mesne conveyance the title to the soil. (Pp. 271–273.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Harrison County.

*F. H. Prendergast,* for appellant.—G. A. Morris having made a deed to the Hope Lumber Company conveying the timber, which was absolute and contained perpetual covenant of general warranty, the title to the timber is not lost by the failure of the purchaser to remove it in a reasonable time.

In the case of Hoit v. Stratton Mills, 54 N. H., 109 (20 Am. Rep., 119), it was held that where the sale of the timber was absolute, and no time named in which it should be taken from the land, the purchaser had a reasonable time in which to remove the timber, and if he did not remove it in that time, he still remained the owner, and could remove it by paying the damage done to the land by removing it, but he would not be liable to the owner of the land for the value of the timber so removed. This case is cited with approval in Magnetic Ore Co. v. Marbury Lumber Co., 104 Ala., 465 (53 Am. St. Rep., 73). Citing Heflin v. Bingham, 56 Ala., 566 (28 Am. Rep., 776), where it is stated: "The right to enter upon the land for the purpose of removing the trees may have been lost by an unreasonable delay on the part of the purchaser of the trees, but it would not follow that the purchaser thereby became divested of his property in the trees, or that the vendor became reinvested with the ownership."

The conflict in the authorities and the theory upon which many of them proceeded is well shown by Judge Wilkes in Mengal Box Co. v. Moore, 87 S. W. Rep., 417.

*Harrison, Davidson & Scott,* for appellee.—A fallacy patent upon the face of appellant's contention, as well as upon the authorities cited in its support, is the holding that the right of entry is lost after a reasonable time, but that the right of property remains forever in the trees. This is a division of an inseparable contract, which should be construed as a whole. The same consideration that paid for the right of entry paid also for the timber. The one right is indispensable to

the other. If the right of entry is lost then is not the property in the trees also gone for the same reasons? This question has never been decided by the courts of Texas as far as our research goes, but is fully and ably discussed in the following authorities, towit: Hill v. Hill, 18 Am. Rep., 455; Morris v. Sanders, 43 S. W. Rep., 733; Saltonstall v. Little, 35 Am. Rep., 683; Pease v. Gibson, 6 Me., 84; Howard v. Lincoln, 13 Me., 122; Webber v. Proctor, 89 Me., 404; Chestnut v. Green, 86 S. W. Rep., 1122; Jackson v. Harden, 87 S. W. Rep., 1119; McIntyre v. Barnard, 1 Sandf. Ch. (N. Y.), 52; Kellam v. McKinstry, 69 N. Y., 264; Manufacturing Co. v. Hobbs, 83 Am. St. Rep., 661; Boisaubin v. Reed, 2 Keys (N. Y.), 323; Warren v. Leland, 2 Barb. ( N. Y.), 622; Reed v. Merrifield, 10 Met. (Mass.), 155; Monroe v. Bowen, 26 Mich., 523; Kennedy v. Dawson, 96 Mich., 83; King v. Merriman, 38 Minn., 47; Clark v. Guest, 54 Ohio, 298; Stasson v. Montgomery, 32 Wis., 52; Golden v. Glock, 57 Wis., 118; 28 Am. & Eng. Enc. Law, 542, 543.

All authorities seem to agree that, whether or not there be a stated time in the deed for the removal of the timber, the right of entry is lost at the expiration of the time fixed in the conveyance, and they further agree and seem to make no distinction that when there is no time stated, the law allows a reasonable time for the removal of the timber, and when the timber is not removed within this stated or reasonable time, then the right of the purchaser to enter upon the land is lost.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Fifth District as follows:

"In the above entitled cause the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication.

"On July 10, 1905, Taylor filed amended petition in the County Court of Harrison County against Lodwick Lumber Company, and recovered judgment on July 19, 1905, for $175, and defendant appealed. The suit was for the value of timber cut from Taylor's land by the lumber company.

"On March 1, 1893, G. W. Morris was the owner of ninety-six acres of land in Harrison County, Texas, being described in the petition, and on that day deeded the timber on the land to the Hope Lumber Company. The deed was as follows, in consideration of the sum of $100 to him paid: 'I have bargained, sold and released unto the Hope Lumber Company, heirs and assigns, forever, in fee simple, the following described tract or parcel of land, towit: All the timber on the ninety-six acres (being the land described in plaintiff's petition); and I do hereby bind myself, heirs and legal representatives to warrant and forever defend, all and singular, the title to the above mentioned premises unto the said Hope Lumber Company, heirs and assigns, against every person or persons whomsoever lawfully claiming, or to claim, the same, or any part thereof.' The Hope Lumber Company failed in 1895 or 1896, and J. H. Inman, of New York, became the owner of its interest. Inman died, and his executors sold to D. H. Scott and

S. P. Jones, and they sold to the Commercial Lumber Company in 1901, and that company sold to appellant in December, 1903. The appellant company, without Taylor's consent, entered upon the land and cut and removed the timber in March, 1904, more than ten years after the timber was sold by Morris. The title to the land passed from G. W. Morris by mesne conveyance to R. W. Taylor, appellee, who owned the land when the timber was cut and removed.

"At a former day of this term we affirmed the judgment of the trial court. The cause is pending on a motion for rehearing. The appellant has filed a motion requesting us to certify the case to the Supreme Court. The questions involved are of first impression in this state; this being so, and the appeal being from the County Court and the Supreme Court not having jurisdiction to review the case on writ of error, we deem it proper to certify the questions involved to the honorable Supreme Court for determination.

"Question 1. Did the title of the timber not removed from the land within a reasonable time revert to the owner of the soil?

"Question 2. Does the Lodwick Lumber Company owe Taylor for the value of the timber cut and removed, without his consent, after the expiration of a reasonable time from the making of the original contract of sale?"

Both questions are answered in the negative. The deed unmistakably expresses the intention to convey the timber as an interest in the land on which it stood, and to convey it in fee simple and forever. It is a well settled proposition that trees may be so conveyed or reserved in a deed as to leave in one person a title in fee in the soil generally and in another a like title in the timber. Where this is the case there goes with the title to the timber the right to the use of the soil for its sustenance and of entry upon the land for its enjoyment. Consequently no such limitation as that the timber must be removed within a reasonable time can be imported by construction into such a grant or reservation. The very terms of the deed, when it says the title is conveyed in fee simple forever, answer any question that might otherwise arise as to the nature and duration of the right granted. (11 Coke, 85, Liford's Case; Stanley v. White, 14 East., 332; Clap v. Draper, 4 Mass., 266; Wait v. Baldwin, 60 Mich., 623; Howard v. Lincoln, 13 Me., 122; 1 Washburne Real Property, 16; Knotts v. Hydrick, 12 Rich. (S. C.), 314; White v. Foster, 102 Mass., 375.)

Contracts of a different character for the sale of timber as personal property have been passed upon in a great number of reported cases and have usually been construed as giving only the right to cut and remove the timber within a time fixed by the parties, or when the time is not expressly stipulated, within a reasonable time; and the cases cited by the Court of Civil Appeals in its opinion accompanying the certificate are of that class. There is much diversity of view among them upon questions which do not properly arise here. We have found no case which gives to such a deed as that in question a less effect than that which we have ascribed to it. In one of the cases of the class last referred to, both kinds of contracts are thus considered: "Growing

timber constitutes a part of the realty, is parcel of the inheritance, and, like any other part of the estate, may be separated from the rest by express reservation or grant, so as to form itself a distinct inheritance. It was early so held by this court in Clap v. Draper, 4 Mass., 265, and trespass by the grantee of such an estate against the owner of the soil was maintained, for cutting down the trees. See also Putnam v. Tuttle, 10 Gray, 48. When so separated and made a distinct estate, it has the incidents of real property so long as it remains uncut, and the rules which govern the title and transfer of such property must apply. It is like property in mines and minerals, which may in like manner be separated from the general ownership of the soil, and become distinct estates in freehold, with all the incidents belonging to such estates. Adams v. Briggs Iron Co., 7 Cush., 367.

"It may be difficult in many cases to determine, from the terms of the contract, whether the parties intend to grant a present estate in the trees while growing, or only a right, either definite or unlimited as to time, to enter and cut, with a title to the property when it becomes a chattel. If the former be the true construction, then it comes within the statute, and must be in writing; if the latter, then, though wholly oral, it may be enforced." (White v. Foster, 102 Mass., 378.)

No difficulty of the kind thus referred to occurs in the present case, the deed itself showing in express terms the nature and extent of the right conveyed.