HOUSTON OIL COMPANY OF TEXAS V. ALLEN HAMILTON ET AL.

No. 2539.   Decided November 27, 1918.

1.—Conveyance of Growing Timber.

The owner of growing timber can, by contract, invest a purchaser or his assigns with title to the timber as an interest in the land, or with the right to cut and remove the timber, or any part thereof, at such time or times throughout the future as the purchaser or his assigns may elect, and to appropriate the timber after it has become a chattel by severance.   (P. 274.)

**2.—Same—Implied Obligation.**

An obligation can not be implied in contradiction to the precise agreement by which the parties have bound themselves. (Pp. 274, 275.)

**3.—Same—Right to Remove—Case Stated.**

The owner of land sold and conveyed to another and his assigns forever "all the merchantable pine timber now standing and growing" thereon, with right of way across the land for its removal, covenanting that the grantee "shall have all the time it demands in which to remove" same and to warrant and defend the title to such timber and right of way forever to the grantee and assigns. Held: that the title to the timber and right of way and the right of removal conveyed thereby was without limitation as to time; that there was no obligation on the grantee to remove same within a reasonable time; and that ten years after such grant assignees of the grantee were entitled to an injunction to restrain the assignees of the grantor from cutting and removing from the land timber so conveyed. (Pp. 274-276.)

**4.—Cases Followed.**

Lodwick Lumber Co. v. Taylor, 100 Texas, 272; Lancaster v. Roth, 155, S. W., 602, approved and followed. (P. 275.)

Error to the Court of Civil Appeals for the First District, in an appeal from Jasper County.

The Houston Oil Company sued Hamilton and others to restrain the cutting of timber on certain land. Judgment for defendants was affirmed on appeal by plaintiff, who thereupon obtained writ of error.

*Hightower, Orgain & Butler* and *W. H. Davidson,* for plaintiff in error.—As to the construction and effect of the deed from Parsons to the Reliance Lumber Company: Rev. Stats. of 1895, art. 625; Lodwick Lumber Co. v. Taylor, 100 Texas, 270; Jones v. Lodwick Lumber Co., 99 S. W., 736; Beauchamp v. Williams, 115 S. W., 120.

As to deed and its record (from Parsons to the Reliance Lumber Company) being notice to appellees: Lodwick Lumber Co. v. Robertson, 102 S. W., 141.

On the question of necessity of notice of adverse claim or demand by appellees: Teal v. Terrell, 58 Texas, 257; Baily & Wallace v. Trammel, 27 Texas, 317; Beall v. Evans, 1 Texas Civ. App., 443, 20 S. W., 945.

On point that cutting and removing was not condition to passing title to this timber: Peterson v. Gibbs, 109 Am. St. Rep., 107; Wilson v. Alderman, 128 Am. St. Rep. (note), 874.

On the question of forfeiture or condition subsequent, see Zimmerman Mfg. Co. v. Daffin, 42 So. Rep., 858, and the authorities there cited. See also authorities above cited and those cited below as to covenants and conditions.

On the question of necessity of demand on appellant, as prerequisite to forfeiture: Benavides v. Hunt, 79 Texas, 391, and authorities cited.

As to covenants as distinguished from conditions, precedent or subsequent, see Johnson v. Gurley, 52 Texas, 222; Railway Co. v. Titterington, 84 Texas, 218; Ewing v. Miles, 12 Texas Civ. App., 19, 33 S. W.,

238; Pasture Co. v. Railway Co., 41 S. W., 544; Ecroid v. Coggeshall, 79 Am. St. Rep., 747, and note thereto.

*Blake & Williams* and *Hamilton & Minton,* for defendants in error.—Where parties to a deed fail to express an intention to convey an interest in the land, the sale of standing timber will be construed to be a sale of personal property. Beauchamp v. Williams, 115 S. W., 131; Weaver & Starnes v. King, 98 S. W., 902; Morris v. Sanders, 43 S. W., 733; Montgomery, etc., Co. v. Miller-Vidor Lumb. Co., 139 S. W., 1015; Carter v. Clark & Boice Lumb. Co., 149 S. W., 278.

Where a conveyance of standing timber fails to express time in years within which to remove same, grantee will be allowed only a reasonable time within which to remove same. Weaver v. King, 17 Ct. Rep., 510; Beauchamp v. Williams, 115 S. W., 131; Morris v. Sanders, 43 S. W., 733; Am. & Eng. Ency. of Law (2nd ed.), p. 543; Bowerman v. Taylor, 106 S. W., 846.

Failure to remove standing timber within the time specified in the deed of conveyance, and where there is no time specified, in a reasonable time, the same will be forfeited and revert to the owner of the land. Beauchamp v. Williams, 115 S. W., 135.

*L. A. Carlton,* on behalf of parties in other causes interested as were defendants in error, filed, by permission, an argument citing:

Texas: Lodwick Lumber Co. v. Taylor, 100 Texas, 270; Beauchamp v. Williams, 115 S. W., 130; Montgomery County Development Co. v. Miller-Vidor Lbr. Co., 139 S. W., 1015; Carter v. Clark & Boice Lbr. Co., 149 S. W., 278; Houston Oil Co. v. Boykin, 153 S. W., 1176; Houston Oil Co. v. Hamilton, 153 S. W., 1194; Lancaster v. Roth, 155 S. W., 597; North Texas Lbr. Co. v. McWhorter, 156 S. W., 1152; Davis v. Conn, 161 S. W., 39; Chapman v. Dearman, 181 S. W., 808.

Alabama: Zimmerman Mfg. Co. v. Daffin, 42 So. Rep., 858; Goodson v. Stewart, 46 So. Rep., 239; Gibbs v. Wright, 57 So. Rep., 258; Christopher v. Curtis-Attalla Lbr. Co., 57 So. Rep., 837; Mt. Vernon Lbr. Co. v. Shepard, 60 So. Rep., 825; Ward v. Moore, 61 So. Rep., 303; Wright v. Bentley Lbr. Co., 65 So. Rep., 353; Shepart v. Mt. Vernon Lbr. Co., 68 So. Rep., 880; West v. Maddox, 69 So. Rep., 101.

New Hampshire: Pierce v. Finerty, 76 Atl., 194; Pierce v. Finerty, 79 Atl., 23.

Pennsylvania: Patterson v. Graham, 30 Atl., 247; Mahan v. Clark, 68 Atl., 667.

Louisiana: St. Louis Cypress Co. v. Thibodaux, 45 So. Rep., 742.

Florida: McNair & Wade Land Co. v. Adams, 45 So. Rep., 492; McNair & Wade Land Co. v. Parker, 39 So. Rep., 959.

Tennessee: Bond v. Ungerecht, 167 S. W., 1116; Carson v. Three States Lbr. Co., 91 S. W., 53; Carson v. Three States Lumber Co., 69 S. W., 320.

Missouri: Hanna v. Buford, 177 S. W., 662.

Georgia: McRae v. Stillwell, 36 S. E., 604; Shippen Bros. Lbr. Co. v. Gates, 70 S. E., 672.

Arkansas: Liston v. Chapman & Dewey Lbr. Co., 91 S. W., 27; Fletcher v. Lyon, 123 S. W., 801; Earl v. Harris, 137 S. W., 806.

Kentucky: Kentucky Coal & Timber Development Co. v. Carroll Hardwood Lbr. Co., 157 S. W., 1109.

North Carolina: Gay Lbr. Co. v. Hobbs, 38 S. E., 26; Midyette v. Grubbs, 58 S. E., 795.

South Carolina: Flagler v. Atlantic Coast Lumber Corporation, 71 S. E., 849; McClary v. Atlantic Coast Lumber Corporation, 72 S. E., 145; Gray v. Marion County Lbr. Co., 86 S. E., 640.

West Virginia: Adkins v. Huff, 52 S. E., 773.

Virginia: Young v. Camp Mfg. Co., 66 S. E., 843; Blackstone Mfg. Co. v. Allen, 85 S. E., 568.

New York: Decker v. Hunt, 98 N. Y. Supp., 174.

Ohio: Clark v. Guest, 43 N. E., 862.

Michigan: Hodges v. Buell, 95 N. W., 1078.

Wisconsin: Western Lime & Cement Co. v. Copper River Land Co., 120 N. W., 277.

Massachusetts: Fletcher v. Livingston, 26 N. E., 1001.

Maine: Weber v. Proctor, 36 Atl., 631.

Montana: Hollensteiner v. Missoula Lbr. Co., 96 Pac., 420.

Washington: Lehtonen v. Marysville Water & Power Co., 97 Pac., 292; Allen & Nelson Mill Co. v. Vaughan, 106 Pac., 622.

Oregon: Anderson v. Miami Lbr. Co., 116 Pac., 1056.

Minnesota: Alexander v. Bauer, 102 N. W., 387.

Maryland: Petey Mfg. Co. v. Morris, 84 Atl., 238.

Vermont: DeGoosch v. Baldwin & Russ, 82 Atl., 182; Deerfield L. Co. v. Lyman, 94 Atl., 837.

California: Gibbs v. Peterson, 127 Pac., 62.

Indiana: Advance Veneer Lbr. Co. v. Hornaday, 96 N. E., 784.

Illinois: Walker v. Johnson, 116 Ill. App., 145.

Colorado: Omaha Lbr. Co. v. Co-operative Ind. Co., 133 Pac., 1112.

Mississippi: Forest Product & Mfg. Co. v. Buckley, 66 So. Rep., 279; Hall v. Eastman, Gardiner & Co., 43 So. Rep., 2.

Iowa: Baker v. Kenney, 124 N. W., 901.

Federal: Goodnough Mercantile & Stock Co. v. Galloway, 171 Fed., 940; Southern Lbr. Co. v. Long, 182 Fed., 82.

Canada: Beaty v. Mathewson, 40 Can. S. C., 557, 12 Ann. Cas., 913.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The rights of the parties to this writ of error depend upon the legal effect of the following written instrument, towit:

"The State of Texas, County of Jasper. Know all men by these presents, that I, W. C. Parsons, of the County of Jasper and State of Texas, for and in consideration of the sum of three hundred dollars

cash to me in hand paid by the Reliance Lumber Company, have bargained, sold, transferred and delivered and by these presents do bargain, sell, transfer and deliver unto said Reliance Lumber Company (a corporation duly incorporated under the laws of the State of Texas) of the County of Jefferson and State aforesaid, all the merchantable pine timber now standing and growing upon the following described tract of land situated on the east bank of the Neches River in Jasper County, Texas, and being a part of the Marvin Bill one-third league survey. (Here follows description.)    To have and to hold the said timber on the above described premises, together with the right of way into, upon, through and across said land, for the purposes of removing said pine timber thereupon unto the said Reliance Lumber Company, its successors and assigns forever, and I do hereby covenant and agree that the said Reliance Lumber Company shall have all the time it demands in which to remove said timber from off said land, and that said timber and land is free from all incumbrances of every kind whatever, and I do bind myself, my heirs, executors and administrators to warrant and forever defend the right, title and possession of said pine timber, together with the right of way on, into, across and through said land unto the said Reliance Lumber Company, its successors and assigns, against every person whomsoever claiming or to claim the same or any part thereof.    Witness my hand at Jasper, Texas, this 12th day of June, A. D. 1900.    W. C. Parsons."

Prior to 1910 the plaintiff in error acquired the rights of the Reliance Lumber Company under the foregoing instrument, as its assign.    Prior to 1910 the defendants in error had become the owners of such title to the land as remained in W. C. Parsons after the execution of the foregoing instrument.

In 1910 the defendants in error began cutting timber described in said instrument.    The purpose of this suit by plaintiff in error is to enjoin such timber cutting by defendants in error.

Relief was denied to plaintiff in error by the trial court and by the Court of Civil Appeals, upon the ground that the instrument executed by W. C. Parsons to the Reliance Lumber Company, its successors and assigns, evidenced a sale of only such timber as might be cut and removed within a reasonable time, and that a reasonable time had already elapsed, after the date of the instrument, before defendant in error began to cut timber. . 153 S. W., 1194-1197.

The owner of growing timber land certainly can, by contract, invest a purchaser, or his assigns, with title to the timber as an interest in the land, or with the right to cut and remove the timber, or any part thereof, at such time or times throughout the future as the purchaser or his assigns may elect, and to appropriate the timber after it has become a chattel by severance.    Lodwick Lumber Co. v. Taylor, 100 Texas, 272, 98 S. W., 238, 123 Am. St., 803, 17 R. C. L., 1080.    Where the terms of a writing plainly evidence the intent of the owner to grant to a purchaser or his assigns a perpetual estate in growing trees, as part

of the land, or a right, to be exercised at any time at the will of the purchaser or of his assigns, to enter the land and sever and appropriate the trees, then such writing can not be construed as implying that the trees must be removed within only a reasonable time, for an obligation can not be implied in contradiction of the precise agreement by which the parties have bound themselves.

We are of the opinion that the language of the instrument from W. C. Parsons admits of no other construction than as investing plaintiff in error, as the assign of the Reliance Lumber Company, with the right to have the described timber remain on the land until plaintiff in error, or its assigns, might elect to remove and appropriate same. The language is in substance that the Reliance Lumber Company, its successors and assigns, shall *forever* be entitled to have and to hold both the timber and the right of way to, upon, through and across the land, for the purpose of removing the timber, and, the grantor binds himself, his heirs, executors and administrators to *forever* warrant and defend unto the lumber company and its assigns, the title to the timber and the license to enter at will on the land for the removal of the timber. As if to avoid any possibility of this habendum and warranty being so construed as to require a removal at any time other than at the free and unrestrained will of the purchaser, the clause is inserted that the grantee shall have "all the time it demands in which to remove said timber off said land."

The conclusion we have reached is in accord with that announced in the case of Lodwick Lumber Co. v. Taylor, 100 Texas, 270. The words "forever in fee simple" in the granting clause in the instrument there construed did not more unmistakably rebut an intent for the timber not removed within a reasonable time to belong to the grantor than to the following words in the instrument here construed, viz: "To have and to hold the said timber on the above described premises, together with the right of way into, upon and across said land, for the purpose of removing said pine timber thereupon, unto the said Reliance Lumber Company, its successors and assigns forever." To say that one may have *forever* to enter land and remove timber therefrom is to deny that one is limited to a reasonable time for such entry and removal.

The opinion in the Lodwick case cites Washburn, Real Property, 16, where a rule is stated, which is conclusive against the claims of defendants in error. Washburn says: "But, if the owner of land grants the trees growing thereon to another and his heirs, with liberty to cut and carry them away at his pleasure, *forever,* the grantee acquires an estate in fee in the trees, with an interest in the soil sufficient for their growth, while the fee in the soil itself remains in the grantor."

Here we have the kind of instrument which it was pointed out in Lancaster v. Roth, 155 S. W., 602, could not be properly construed otherwise than as without restriction as to time for the timber's removal, when the Texarkana Court of Civil Appeals said: "Looking to the contract in this case, we find a sale of 'standing and growing timber' for

a valuable consideration, which has been paid. It is clear that Roth intended to sell, and Lancaster intended to buy, all the timber falling within the description contained in the conveyance. 'Lancaster was 'to have 'and to hold all and singular the said timber forever.' The title was expressly warranted by Roth, and a lien reserved to secure the unpaid purchase money. Had there been no modifying provision inserted, this deed should be construed as an absolute conveyance of the timber as an interest in the realty, with no requirement for its removal thereafter."

Defendants in error can not claim any other right than such as Parsons possessed after his conveyance of the timber to the Reliance Lumber Company and its assigns. Yet the want of merit in the claims advanced in behalf of defendants in error, if urged by Parsons, was clearly demonstrated by the Supreme Court of Mississippi, in the case of Butterfield Lumber Co. v. Guy, 92 Miss., 361, 131 Am. St. Rep., 540, 46 So., 78, 15 L. R. A. (N. S.), 1123, where it is said: "The interest of the purchaser of this timber under his deed has no less claim to the protection of the law than the interest which the seller retains in the soil. The seller of this timber seeks to have the court do that which is in plain conflict with the rights which he has conveyed. By warranty deed he has sold this timber, received money for it, and now seeks to breach his own warranty by a proceeding in an equity court to cancel his deed."

The judgment of the District Court and of the Court of Civil Appeals are reversed, and judgment is here entered perpetually enjoining defendants in error from cutting, removing, or selling the merchantable pine timber, standing and growing on June 12, 1900, on the land described in plaintiff in error's original petition.

*Reversed and rendered.*