the district court and of the Court of Civil Appeals should be affirmed; and it is so ordered.

HOUSTON OIL CO. OF TEXAS v. HAMILTON et al. (No. 2539.)

(Supreme Court of Texas. Nov. 27, 1918.)

1. LOGS AND LOGGING ☞3(11)—CONTRACTS —CONSTRUCTION—REMOVAL OF TIMBER— TIME.

A contract evidencing owner's transfer of standing timber to purchaser, with right to all the time purchaser or his assigns should demand for its removal, and providing they should be forever entitled to have and hold such timber and right of way for its removal, *held* an absolute sale of timber, with unlimited time for removal.

2. INJUNCTION ☞52—REMOVAL OF TIMBER BY OWNER OF LAND.

One acquiring an estate in fee in standing timber, with unlimited time for removal, may, when necessary to preserve his property therein, enjoin the fee owner of land from cutting and appropriating such timber.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by the Houston Oil Company of Texas against Allen Hamilton and others. From a judgment of the Court of Civil Appeals (153 S. W. 1194), affirming a judgment of the district court for defendants, plaintiff brings error. Reversed and rendered for plaintiff.

Hightower, Orgain & Butler and W. H. Davidson, both of Beaumont (H. O. Head, of Sherman, of counsel), for plaintiff in error. Roi Blake, of Jasper, and Hamilton & Hamilton, of Hemphill, for defendants in error. L. A. Carlton, of Houston, amicus curiæ.

GREENWOOD, J. The rights of the parties to this writ of error depend upon the legal effect of the following written instrument, to wit:

"The State of Texas, County of Jasper.

"Know all men by these presents, that I, W. C. Parsons, of the county of Jasper and state of Texas, for and in consideration of the sum of three hundred dollars cash to me in hand paid by the Reliance Lumber Company, have bargained, sold, transferred, and delivered, and by these presents do bargain, sell, transfer, and deliver, unto said Reliance Lumber Company (a corporation duly incorporated under the laws of the state of Texas), of the county of Jefferson and state aforesaid, all the merchantable pine timber now standing and growing upon the following described tract of land, situated on the east bank of the Neches river in Jasper county, Texas, and being a part of the Marvin Bill one-third league survey: [Here follows description.] To have and to hold the said timber on the above-described premises, together with the right of way into, upon, through, and across said land, for the purposes of removing said pine timber thereupon, unto the said Reliance Lumber Company, its successors and assigns, forever. And I do hereby covenant and agree that the said Reliance Lumber Company shall have all the time it demands in which to remove said timber from off said land, and that said timber and land is free from all incumbrances of every kind whatever, and I do bind myself, my heirs, executors, and administrators,

to warrant and forever defend the right, title, and possession of said pine timber, together with the right of way on, into, across, and through said land, unto the said Reliance Lumber Company, its successors and assigns, against every person whomsoever claiming or to claim the same or any part thereof.

"Witness my hand at Jasper, Texas, this 12th day of June, A. D. 1900.        W. C. Parsons."

Prior to 1910, the plaintiff in error acquired the rights of the Reliance Lumber Company under the foregoing instrument, as its assign. Prior to 1910, the defendants in error had become the owners of such title to the land as remained in W. C. Parsons after the execution of the foregoing instrument. In 1910 the defendants in error began cutting timber described in said instrument. The purpose of this suit by plaintiff in error is to enjoin such timber cutting by defendants in error.

Relief was denied to plaintiff in error by the trial court and by the Court of Civil Appeals, upon the ground that the instrument executed by W. C. Parsons to the Reliance Lumber Company, its successors and assigns, evidenced a sale of only such timber as might be cut and removed within a reasonable time, and that a reasonable time had already elapsed, after the date of the instrument, before defendant in error began to cut timber. 153 S. W. 1194–1196.

[1, 2] The owner of growing timber land certainly can, by contract, invest a purchaser, or his assigns, with title to the timber as an interest in the land, or with the right to cut and remove the timber, or any part thereof, at such time or times throughout the future as the purchaser or his assigns may elect, and to appropriate the timber after it has become a chattel by severance. Lodwick Lumber Co. v. Taylor, 100 Tex. 272, 98 S. W. 238, 123 Am. St. Rep. 803; 17 R. C. L. 1080. Where the terms of a writing plainly evidence the intent of the owner to grant to a purchaser or his assigns a perpetual estate in growing trees, as part of the land, or a right, to be exercised at any time at the will of the purchaser or of his assigns, to enter the land and sever and appropriate the trees, then such writing cannot be construed as implying that the trees must be removed within only a reasonable time, for an obligation cannot be implied in contradiction of the precise agreement by which the parties have bound themselves.

We are of the opinion that the language of the instrument from W. C. Parsons admits of no other construction than as investing plaintiff in error, as the assign of the Reliance Lumber Company, with the right to have the described timber remain on the land until plaintiff in error, or its assigns, might elect to remove and appropriate same. The language is in substance that the Reliance Lumber Company, its successors and assigns, shall forever be entitled to have and to hold both the timber and the right of way to, upon, through, and across the land, for

the purpose of removing the timber, and the grantor binds himself, his heirs, executors, and administrators, to forever warrant and defend unto the Lumber Company and its assigns the title to the timber and the license to enter at will on the land for the removal of the timber. As if to avoid any possibility of this habendum and warranty being so construed as to require a removal at any time other than at the free and unrestrained will of the purchaser, the clause is inserted that the grantee shall have "all the time it demands in which to remove said timber off said land."

The conclusion we have reached is in accord with that announced in the case of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803. The words "forever in fee simple," in the granting clause in the instrument there construed, did not more unmistakably rebut an intent for the timber not removed within a reasonable time to belong to the grantor than do the following words in the instrument here construed, viz.:

"To have and to hold the said timber on the above-described premises, together with the right of way into, upon, and across said land, for the purpose of removing said pine timber thereupon, unto the said Reliance Lumber Company, its successors and assigns, forever."

To say that one may have "forever" to enter land and remove timber therefrom is to deny that one is limited to a reasonable time for such entry and removal.

The opinion in the Lodwick Case cites Washburn, Real Property, 16, where a rule is stated, which is conclusive against the claims of defendants in error. Washburn says:

"But, if the owner of land grants the trees growing thereon to another and his heirs, with liberty to cut and carry them away at his pleasure, 'forever,' the grantee acquires an estate in fee in the trees, with an interest in the soil sufficient for their growth, while the fee in the soil itself remains in the grantor."

Here we have the kind of instrument which it was pointed out in Lancaster v. Roth, 155 S. W. 602, could not be properly construed otherwise than as without restriction as to time for the timber's removal, when the Texarkana Court of Civil Appeals said:

"Looking to the contract in this case, we find a sale of 'standing and growing timber' for a valuable consideration, which has been paid. It is clear that Roth intended to sell, and Lancaster intended to buy, all the timber falling within the description contained in the conveyance. Lancaster was 'to have and to hold all and singular the said timber forever.' The title was expressly warranted by Roth, and a lien reserved to secure the unpaid purchase money. Had there been no modifying provision inserted, this deed should be construed as an absolute conveyance of the timber as an interest in the realty, with no requirement for its removal thereafter."

Defendants in error cannot claim any other right than such as Parsons possessed after his conveyance of the timber to the Reliance Lumber Company and its assigns.

Yet the want of merit in the claims advanced in behalf of defendants in error, if urged by Parsons, was clearly demonstrated by the Supreme Court of Mississippi, in the case of Butterfield Lumber Co. v. Guy, 92 Miss. 361, 46 South. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540, where it is said:

"The interest of the purchaser of this timber under his deed has no less claim to the protection of the law than the interest which the seller retains in the soil. The seller of this timber seeks to have the court do that which is in plain conflict with the rights which he has conveyed. By warranty deed he has sold this timber, received money for it, and now seeks to breach his own warranty by a proceeding in an equity court to cancel his deed."

The judgments of the district court and of the Court of Civil Appeals are reversed, and judgment is here entered perpetually enjoining defendants in error from cutting, removing, or selling the merchantable pine timber, standing and growing on June 12, 1900, on the land described in plaintiff in error's original petition.

