### J. R. CHAPMAN v. JAMES DEARMAN ET AL.

No. 2816.    Decided April 13, 1921.

(229 S. W., 1112.)

Real Property—Conveyance of Timber—Right to Remove.

A warranty deed conveying to grantee all the pine timber standing and growing upon the tract of land described, with right to enter, cut and remove, without limitation of time therefor, conveyed the fee simple title to such timber, and the grantee was not restricted to a reasonable time within which to remove same. Houston Oil Co. of Tex. v. Hamilton, 109 Texas, 270, followed. (Pp. 133-135).

Questions certified from the Court of Civil Appeals for the Ninth District, in an appeal from Jasper County.

Chapman sued Dearman and wife to restrain their cutting and removing timber upon a tract of land, in which they had conveyed the timber rights to plaintiff. The trial court denied the injunction, and the judgment, on plaintiff's appeal, was reversed

and rendered in his favor (181 S. W., 808). A dissenting opinion was filed and that court certified the point of dissent to the Supreme Court.

*Terry, Cavin & Mills*, and *John G. Gregg*, for appellants.

Since the decision of this case by the Court of Civil Appeals and the certification of the dissent to this court by said Court of Civil Appeals, this court has decided the cases of Houston Oil Company of Texas versus Hamilton, 109 Texas, 271, and Houston Oil Company of Texas versus Boykin, 109 Texas, 276. Upon careful consideration we believe that there is no distinction between the rule which should be applied in this case and that which was applied by this court in the Hamilton case, and after conference with counsel for appellees we feel authorized to say that there seems no divergence of opinion between us on this subject.

*Powell & Huffman* and *J. J. Lee,* for appellees.—The appellees believe that the well considered cases of Houston Oil Company of Texas versus Hamilton, 109 Texas, 271, and Houston Oil Company of Texas versus Boykin, 109 Texas, 276, are decisive of Question Number One, certified to this Honorable Court. Appellees' contention in the trial court and in the Court of Civil Appeals is not sustained by these authorities; but as this court, in the Hamilton case, has, after due deliberation, announced the law of this State as to the construction of timber deeds like that conveying the timber involved in this case, the appellees will not endeavor to convince the court that an affirmative answer to Question Number One would be contrary to the law.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Eliminating the certificates on the deed, showing its acknowledgment and record, the certificate of the Honorable Court of Civil Appeals of the Ninth Supreme Judicial District of Texas is as follows:

"In the above case pending before us on appeal, the following issues of law arise, which this court deems advisable to present to the Supreme Court of the State of Texas for adjudication.

"Suit was filed in the District Court of Jasper County by J. R. Chapman against James Dearman and wife, Lettie Dearman, and Isaac Dearman, for the title and possession of all of the pine timber located on the W. A. Isaacs 160-acre survey of land in Jasper County, and for an injunction restraining the said James Dearman, Lettie Dearman and Isaac Dearman from cutting the timber on said land.

"The defendant, Isaac Dearman, disclaimed; and the defendants, James Dearman and wife, Lettie Dearman, answered, denying that

the plaintiff had any right to the timber located on the land, and filed a cross-action in trespass to try title to the said land.

"Upon the trial of the case, plaintiff disclaimed any interest in the land, other than the timber located upon the same, and the cross-action of the defendants was dismissed.

"The case was tried by the court, the court finding that the plaintiff had a deed from the defendants to the timber located on said land, but that under said deed the timber should have been removed from the land within a reasonable time, which the court found to be ten years, and which time having expired, the court denied any title or right of the appellant in and to the timber, and accordingly dissolved the injunction.

"The deed under which the plaintiff held, and upon the construction of which depends the decision of this case, is as follows:

'The State of Texas,

County of Jasper,

*Know all men by these presents*:

That we, James Dearman and Lettie Dearman, of the County of Jasper and State aforesaid, for and in consideration of the sum of One Hundred Dollars to us in hand paid by T. W. House, J. H. Jones, A. J. Shreman, and J. M. Rockwell, Executors of the Estate of M. T. Jones, deceased, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said T. W. House, J. H. Jones, A. J. Shreman and J. M. Rockwell, Executors as aforesaid, of the County of Harris and State of Texas, all the pine timber now standing and growing upon the W. A. Isaacs 160-acre survey of land situated in said Jasper County, Texas, located on the East bank of the Neches River and just south of and adjoining to the Elmire Wright and Alfred Pool 160-acre preemptions survey and we do hereby authorize and empower the said T. W. House, J. H. Jones, A. J. Shreman and J. M. Rockwell, Executors as aforesaid, their heirs, assigns and legal representatives to enter upon said land with log wagons, log carts, tram road or in any other way they may see fit and proper and cut same and haul off said pine timber herein conveyed and for a more complete description of said land reference is made to the patent and field notes as follows:  (Here follow field notes of the 160 acres.)

To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said T. W. House, J. H. Jones, A. J. Shureman and J. M. Rockwell, their heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said T. W. House, J. H. Jones, A. J. Shureman and J. M. Rockwell, their heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and

forever defend all and singular the said premises unto the said T. W. House, J. H. Jones, A. J. Shureman and J. M. Rockwell, their heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Witness our hands at home this 17th day of December, A. D. 1898.

his<br>
James X Dearman.<br>
mark.<br>
her<br>
Lettie X Dearman.<br>
mark.

"There is no question raised in this case of fraud, accident or mistake in the execution of this deed, and the case must, therefore, be determined on the deed itself, and the construction placed thereon as to the title to the timber conveyed under it; that is, as to whether or not it conveyed the fee simple title to the timber, or simply a right or privilege to the timber requiring the removal of such timber within a reasonable time.

"This court, by a majority opinion, following the doctrine announced in the case of Lodwick Lumber Company v. Taylor, 100 Texas, 270, 98 S. W., 238, 123 Am. St., 803) held that the instant deed granted the absolute fee simple title to all of the pine timber standing and growing upon the land described in said deed, and reversed and rendered said cause.

"A dissenting opinion has been filed by Justice Middlebrook, in which he holds, in substance, that said deed did not convey the absolute fee simple title to the timber, but that it only conveyed a right or privilege to the timber, which required and necessitated the removal of the same from the land within a reasonable time.

"In view of the dissenting opinion filed by Justice Middlebrook, we deem it proper to certify the questions involved to the Supreme Court for determination.

"*Question No. 1*: Did said deed convey the fee simple title to the timber described therein?

"*Question No. 2*: Or, did said deed simply convey a right or privilege to remove said timber, necessitating the grantee to cut and take it off within a reasonable time, and in failing so to do, did the timber revert to the original grantors?"

To Question No. 1, we answer "Yes."

To Question No. 2, we answer 'No.'"

The above answers necessarily result from construing the deed in accordance with the principles announced in the recent case of Houston Oil Co. of Texas v. Hamilton, 109 Texas, 270, (206 S. W., 817) which need not be repeated.

Counsel for appellees frankly confess that the decision in that case is contrary to their contentions and that they do not expect the court to depart therefrom.