## HOUSTON OIL CO. OF TEXAS v. BUNN.
### (No. 421–3328.)*

(Commission of Appeals of Texas, Section B. Dec. 12, 1923.)

**I. Logs and logging ⊜⇒3(7)—Transfer conveyed fee-simple title to timber.**

Deed transferring timber standing on certain land with right of ingress and egress to cut and remove it, and exclusive right at any time thereafter to build and maintain a railroad to transport it, *held* to convey fee-simple title to the timber.

**2. Injunction ⊜⇒52—Purchaser of fee simple to timber entitled to restrain grantor from cutting it.**

One acquiring an estate in fee in standing timber, with exclusive right to build a railroad to remove it, may, when necessary to preserve his property, enjoin grantor from cutting it.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied January 16, 1924.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by the Houston Oil Company of Texas against Pearl Bunn. A judgment for defendant was affirmed by the Court of Civil Appeals (209 S. W. 830), and plaintiff brings error. Reversed and rendered.

Kennerly, Williams, Lee & Hill, of Houston, and H. O. Head, of Sherman, for plaintiff in error.

L. A. Carlton and E. E. Townes, both of Houston, for defendant in error.

POWELL, P. J. For an admirable statement of the nature and result of this action, we quote as follows from the opinion of the Court of Civil Appeals:

"This is a suit for injunction brought by appellant to restrain appellee from cutting and removing the timber from a tract of 420 acres of land on the Pinckney Lout league in Orange county.

"The trial in the court below without a jury resulted in a judgment in favor of defendant.

"The suit involves the construction of a deed executed by Joseph Bunn and others on February 17, 1900, by which the timber in controversy was conveyed to the Beaumont Lumber Company. The Beaumont Lumber Company, on July 13, 1903, conveyed all of the right and title acquired by it under said deed to John H. Kirby, and on October 6, 1909, Kirby conveyed all of his rights and title in and to said timber to appellant. The appellee, prior to the institution of this suit, acquired from the grantors in said deed of February 17, 1900, the title to the 420 acres of land upon which the timber in controversy is standing and growing. The material portions of the deed by which the timber was conveyed to the Beaumont Lumber Company are as follows:

" 'State of Texas, County of Orange.

" 'Know all men by these presents: That we, Joseph Bunn, P. L. Bunn, J. A. Bunn, V. A. Loving and husband, W. O. Loving, all of the county of Orange, in the state of Texas, for and in consideration of the sum of ten thousand and four hundred and eighty dollars to us paid and secured to be paid by Beaumont Lumber Company, a corporation chartered and organized under the laws of Texas, as follows: The sum of four hundred and eighty dollars in cash, the receipt whereof is hereby acknowledged, and the further sum of ten thousand dollars to be paid in eight equal annual installments of twelve hundred and fifty dollars each evidenced by the eight promissory notes of said Beaumont Lumber Company, drawn payable to the order of Joseph Bunn, due respectively, one, two, three, four, five, six, seven, and eight years after date and bearing even date herewith. Each note bearing interest from its date at the rate of six per cent. per annum, payable annually, and providing for the payment by the makers thereof of ten per cent. additional of the principal and interest if collected by legal proceedings, have granted, sold and conveyed, and by these presents do grant, sell and convey unto said Beaumont Lumber Company of Jefferson county, Texas, all those certain tracts, pieces and parcels of land situated in Orange county, Texas, to wit: (Here follows description of three several tracts of land, aggregating 1,165 acres. A fourth tract is then described by metes and bounds, and out of said tract the tract of 420 acres upon which the timber in controversy is standing and growing is reserved and excepted. The 420 acres so expressly reserved and excepted from the sale is described by metes and bounds. Two other tracts of 1,887 acres and 480 acres, respectively, are next described.)

" 'We also grant, bargain, sell, and convey unto said Beaumont Lumber Company all of the pine timber standing or growing in and upon that certain 420 acres of said Pinckney Lout league of land reserved and excepted from the "fourth" tract of land hereinbefore described, together with the right of ingress and egress in, to, upon and from said land for said company, its agents, employés and teams and appliances for the purpose of cutting and removing said timber; and together with the exclusive right at any time hereafter to build, maintain and operate in and upon said land any train, railroad, or other contrivance for transporting timber from any of the lands of said company.

" 'To have and to hold the above described and conveyed lands and premises and the above sold pine timber, rights, privileges, right of way, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Beaumont Lumber Company, its successors and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said lands and premises, pine timber, rights, privileges, right of way, etc., unto it, the said Beaumont Lumber Company, and unto its successor and assigns against every person whomsoever claiming or to claim the same, or any part thereof.

" 'But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises and improvements until the above-described notes and all interest thereon, are fully paid according to their face and tenor, effect and reading when this deed shall become absolute.'

"Parol evidence introduced by appellee, over appellant's objection, sustains the findings of the trial court that the 420-acre tract expressly reserved from sale in the deed above set out was so reserved by the vendors therein for farming purposes, that it cannot be used for such purpose until the timber is removed therefrom, and that it was understood and agreed by all of the parties to the deed at the time it was executed, that the purchaser of the timber would expeditiously remove it from the land.

"It was further shown that the appellee, after he became the owner of the land prior to 1904, requested and insisted that appellant remove the timber therefrom so that he might put the land in cultivation, and, appellant having failed to remove the timber, appellee notified it in 1907, or prior thereto, that because of such failure the title to the timber had reverted to him.

"It is admitted that, if the deed did not convey the timber as an interest in fee in the land, a reasonable time for its removal had elapsed before appellee began to cut and remove it from the land. The agreed consideration paid by the Beaumont Lumber Company for this

timber was 50 cents per 1,000 feet, and the amount of timber on the land at the date of the sale was estimated at 1,500 feet per acre. It is further agreed that all of the vendor's lien notes mentioned and described in the deed have been fully paid and the lien discharged.

"Under appropriate assignments of error, appellant contends that the trial court erred in not construing the deed above set out as an absolute conveyance of a fee-simple title to the timber together with the necessary interest in the land for the sustenance of the timber, without any condition or requirement that the timber should be removed from the land within a reasonable time."

The Court of Civil Appeals affirmed the judgment of the district court. See 209 S. W. 830.

Upon application to the Supreme Court, the plaintiff in error oil company was awarded a writ of error. The notation by the Supreme Court in granting the writ was as follows: "We think the decision is in conflict with the Hamilton Case."

[1, 2] The controlling question now before us is whether the conveyance under consideration conveys the fee-simple title to the timber described therein, or simply a right or privilege to remove said timber within a reasonable time, failing in which, such timber would revert to the grantors in the deed. We are clearly of the view that the case at bar is ruled by the decisions of our Supreme Court, speaking in each instance through Justice Greenwood, in the very recent cases of Houston Oil Co. of Texas v. Hamilton, 109 Tex. 270, 206 S. W. 817, and Chapman v. Dearman, 111 Tex. 132, 229 S. W. 1112. For the reasons so ably stated in the Hamilton Case, and specifically approved in the Chapman Case, we conclude that the transfer in the instant suit conveys the fee-simple title to the timber described therein, and that the oil company was entitled to an injunction against the defendant in error, preventing such party from cutting said timber.

The Court of Civil Appeals, in the instant case, admits that its conclusion may be contrary to the rule announced in the Hamilton Case, but seeks mainly to distinguish the two cases by the fact that Judge Greenwood, in the Hamilton Case, after referring to the effect of the habendum and warranty clauses on the construction of the instrument, stated:

"As if to avoid any possibility of this habendum and warranty being so construed as to require a removal at any time other than at the free and unrestrained will of the purchaser, the clause is inserted that the grantee shall have 'all the time it demands in which to remove said timber off said land.'"

As showing conclusively that Judge Greenwood did not base his decision in the Hamilton Case primarily upon the particular clause of the conveyance just quoted, he gave a similar construction to the deed in the Chapman Case, which contained no such clause, and

which deed is in words almost identical with the conveyance in suit. It is but fair to state that the Court of Civil Appeals, in writing its opinion in the case at bar, did not have the benefit of the opinion of our Supreme Court in the Chapman Case, supra. The latter opinion was written in the spring of 1921.

The deed in suit is absolutely clear in the matter above discussed. The parties must be governed by its express terms. The contract was voluntarily entered into, and the courts cannot make contracts for the parties as a general rule. If the owner of timber desires that it be conveyed upon the condition that it be removed within a certain number of years, such an owner can very easily include such a stipulation in the timber deed. If a party fails to exercise that degree of care, he has no cause for complaint toward others.

The trial court made certain findings of fact and a conclusion of law, which we now set out as follows:

The thirteenth finding of fact reads as follows:

"That Pearl Bunn cut and removed from said land, prior to the filing of this suit, and before he was enjoined, 29,000 feet of pine timber off the tract valued at $2 per M feet."

The parties themselves so agreed.

The fourteenth finding of fact reads as follows:

"That it was agreed by the parties, and the court so finds, that if plaintiff Houston Oil Company of Texas should recover said timber or any part thereof in the final disposition of this cause, the defendant, Pearl Bunn, should be awarded $400 as damages for loss of the use of the land and for sustenance for said timber, and that said sum shall be in full satisfaction of the damages that have already accrued, and that shall accrue for the use of the land and for sustenance of the trees within two years from the final disposition of this cause."

The second conclusion of law by the trial court reads as follows:

"I conclude that said deed conveyed only such timber as was on February 17, 1900, 12 inches and over in diameter at a height of 24 inches from the ground, because the word timber at that time had a well-defined meaning in the logging and mill business and meant trees of said dimensions, and I conclude that trees under 12 inches in diameter at a height of 24 inches from the ground on February 17, 1900, did not pass to the said Beaumont Lumber Company, and that the same are the property of the defendant Pearl Bunn. But, entertaining the view that the Beaumont Lumber Company and its vendees, including the plaintiff, the Houston Oil Company of Texas, have forfeited all right and claim to any of said timber for failure to remove the same from the said land within a reasonable time after February 17, 1900, I have rendered judgment against the plaintiff that it take nothing on its suit."

Both of the lower courts entered judgment against the oil company. In its petition for

writ of error, no complaint is made because of the second conclusion of law of the trial court just above copied. Therefore we take it that the oil company concedes or at least agrees to be bound in this case by the second conclusion of law aforesaid. The record also contains what seems to be a standard basis for determining the diameter of pine trees at a given date.

In view of the rules laid down by our Supreme Court in the Hamilton and Chapman Cases. supra, and in view of the agreements between the parties and the present status of the record, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and judgment rendered by the Supreme Court perpetually enjoining defendant in error from cutting or removing the pine trees which were 12 inches and over in diameter at a height of 24 inches from the ground on February 17, 1900, on the 420 acres of land described in the deed of conveyance of that date, hereinabove referred to and set out in full in the statement of facts, and that judgment be further rendered by the Supreme Court in favor of defendant in error and against plaintiff in error for the sum of $400 as damages for the items and covering the time set out in the fourteenth finding of fact above copied, less the sum of $58 due plaintiff in error for the timber cut from this tract of land by defendant in error as shown by the thirteenth finding of fact aforesaid.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for plaintiff in error in accordance with the recommendation made in the opinion of the Commission of Appeals.