**DANIELS v. WALLACE et al. (No. 1597.)**

Court of Civil Appeals of Texas. Beaumont. Oct. 7, 1927.

**1. Evidence ⚖⇒441(15)—Where only writing concerning contract was receipt, parol evidence as to time for removal of timber sold held admissible.**

In action to compel execution of deed to timber or for recovery of value of timber then on land, written statement that one executing

it had received certain money for standing merchantable timber did not amount to absolute conveyance in fee simple of timber, but was only receipt for money paid therefor, and parol evidence as to time agreed on for removal of timber was admissible.

**2. Logs and logging ⚖⇒3(15)—Where only writing was receipt, refusal to give peremptory instruction for buyer suing for value of standing timber which he was prevented from removing held proper.**

In action to compel defendants to execute deed of conveyance to timber, or, in alternative, to recover judgment for value of timber which plaintiff was prevented from removing, where only writing was receipt, refusal peremptorily to instruct for plaintiff on theory that such receipt constituted full and complete contract was not error.

**3. Evidence ⚖⇒129(6)—Excluding evidence that plaintiff had purchased other timber without agreement as to time of removal held proper.**

In action to compel execution of deed of conveyance of standing timber, or, in alternative, for judgment for value of timber which plaintiff was prevented from removing, exclusion of evidence that plaintiff had purchased other timber in same vicinity from other parties without agreement as to time for removal was not error.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Action by Walter Daniels against J. E. Wallace and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Adams & McAlister, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellees.

HIGHTOWER, C. J. This suit was filed by appellant, Walter Daniels, in the district court of Nacogdoches county, against J. E. Wallace and J. H. Wallace for the purpose, as contended by appellant in his brief, of compelling appellees to specifically perform a written contract, by the terms of which, as he alleges, appellees conveyed to him all the standing and merchantable timber on a certain 75-acre tract of land in Nacogdoches county owned by appellees for the agreed consideration of $337.50. Appellant alleged, in substance, that, upon the execution of the contract between him and appellees, possession of the timber on the tract of land was turned over to him by appellees, and that he, under the terms of the contract, began to cut and remove the timber from the land, and that the consideration for the timber was paid in full by him to appellees, but that thereafter, and before he had removed the timber from the land, appellees retook possession of the timber and denied appellant the right to cut and remove the same, as he was entitled to

do under the terms of his deed or written contract. His prayer, in substance, was that the court decree specific performance by appellees of the contract, by compelling them to execute a deed of conveyance of the timber on the tract of land to appellant, and, in the alternative, if specific performance could not be decreed, that he have judgment against appellees for $550, which he alleged was the value of the timber then on the land, with interest, etc.

Appellees answered by general demurrer and general denial, and then specially averred that the contract between them and appellant for the timber in question was an oral contract, by which it was agreed between them that appellant could have the timber on the tract of land, other than the mulberry timber, for a consideration of $337.50, but that it was further orally agreed and understood between the parties that appellant should cut and remove the timber within 18 months from the date of the contract. Appellees further averred that appellant did enter upon the land upon which the timber was standing and did cut and remove therefrom all the standing and merchantable timber that he was authorized by the contract to remove from the land, and that appellant then abandoned any further cutting or removal of the timber from the land. Appellees then averred, in substance, that if appellant did not cut and remove the timber from the land, as he was authorized to do under the terms of the contract, and that if there was any standing and merchantable timber still upon the land, nevertheless, appellant had failed to cut and remove such timber from the land within a period of 18 months allowed him for cutting and removing such timber, and that he no longer had any right to such timber and no right or authority to cut or remove the same from the land. This states, in substance, the pleadings of the parties, in so far as material to the disposition of this appeal.

The case was tried with a jury and only one issue was submitted, which was as to whether it was understood and agreed between the parties that the timber was to be removed from the land within a period of 18 months. The jury answered this issue in the affirmative, and judgment was rendered upon the verdict, denying to appellant any recovery of any character, and, from that judgment, this appeal is prosecuted.

[1] Counsel for appellant in his brief, by appropriate propositions, makes several contentions for reversal of the judgment. One of these contentions is, in substance, that the trial court committed error in permitting appellees to prove that it was understood and agreed between the parties to the contract for the sale of the timber that appellant should remove the same from the land within a period of 18 months. Appellant's contention in this connection is that the deed or contract, as he designates it, was a written conveyance or deed, by the terms of which title in fee simple to the timber on the tract of land was conveyed to him absolutely and forever, and that, therefore, parol evidence was not admissible to contradict, vary, or modify, or in any manner add to the terms of this written instrument. The only written contract or instrument that appellant introduced in evidence was the following:

"Oct. 4, 1922.

"Received of W. Daniel three hundred thirty-seven and 50/100 dollars in full for all timber now standing, and merchantable timber on the J. D. Williams survey, and being 75 acres of land now owned by Jesse Wallace, Sr., and Edwin Wallace of Cushing, Tex., to which said title to timber is hereby given to W. Daniel, Cushing, Tex., this October 4, 1922.

"J. E. Wallace
"J. H. Wallace.

"Witness:
   "D. E. Paine."

It is the contention of counsel for appellant that this written instrument, whatever it should be termed, had the effect to convey to him a fee-simple title to all the standing and merchantable timber on the 75-acre tract of land therein mentioned, and that, under the terms of the instrument he had the right to let the timber remain on the land as long as he pleased, or forever, or the right to remove the timber at any time he might see proper. Counsel for appellant cite, as supporting this contention, Lodwick Lumber Company v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803; Chapman v. Dearman, 111 Tex. 132, 229 S. W. 1112. This court is quite familiar with these cited cases, but we are unable to agree with counsel for appellant that they uphold his contention in this connection. If the brief written instrument here under consideration, was the contract in full between appellant and appellees, the most that could be said in appellant's favor is that it gave him the right to remove the timber from the land within a reasonable time, since no time was specified in the instrument for the removal of the timber. Houston Oil Co. v. Boykin, 109 Tex. 276, 206 S. W. 816; Houston Oil Co. v. Hamilton, 109 Tex. 270, 206 S. W. 817; Houston Oil Company v. Bunn (Tex. Civ. App.) 209 S. W. 830.

We not only hold against appellant's contention that the instrument in question here was an absolute conveyance in fee simple of the timber in question, but we further hold that this brief written instrument is really nothing more than a receipt for the $337.50 that appellant paid appellees for the timber. We think that the instrument shows upon its face, clearly, that it was intended only as a receipt for the consideration that was agreed

to be paid and had been paid by appellant for the timber. It certainly cannot be correctly held that this instrument, whatever it should be termed, upon its face is a full and complete written contract between the parties for the purchase and sale of the timber therein referred to. No time is stated for the removal of the timber, nor is it even stated that the timber shall be removed at all. It is admitted by appellant himself, in his testimony in this case, that the timber was to be removed by him from the land, and that he was to have 10 years in which to remove it, if he wanted that much time, yet the written instrument itself says nothing about the timber being removed at all. It is apparent that this written instrument is not a full and complete contract between the parties touching the sale and removal of this timber.

Counsel for appellant cite a number of authorities holding that parol evidence is not admissible to contradict, vary, or modify a plain and unambiguous written contract, in the absence of pleading and proof of fraud, accident, or mistake, and this court has frequently so held. But there is another line of authorities holding that, where parties make a parol contract and afterwards reduce it to writing only in part, and it appears upon the face of so much of the contract as is reduced to writing that it was not a full and complete contract between the parties touching the subject-matter, then it is always permissible to show by parol testimony that part of the oral contract that was not reduced to writing. Magnolia Warehouse & Storage Company v. Davis & Black (Tex. Civ. App.) 153 S. W. 670; Brincefield v. Allen, 25 Tex. Civ. App. 258, 60 S. W. 1010; McKinnon v. Porter (Tex. Civ. App.) 192 S. W. 1112; Johnson v. Mansfield (Tex. Civ. App.) 166 S. W. 931.

Counsel for appellant, in his brief, cites the case of H. E. & W. T. Railway Company v. Browder (Tex. Civ. App.) 265 S. W. 227, as supporting his contention that parol evidence is never admissible to contradict, vary, or modify the terms of a plain and unambiguous written contract, in the absence of fraud, accident, or mistake. The opinion in that case was by this court, and we did hold that parol evidence is not admissible to contradict, alter, or modify the terms of a plain, unambiguous, written contract. We were careful to say, however, that the rule related to such written contracts only as appeared upon their face to be full and complete contracts between the parties touching the subject-matter. The authorities cited by us in the Browder Case all agree that, where the contract, in so far as written, does not appear to be a full and complete contract between the parties touching the subject-matter, then parol evidence is admissible to show what the entire contract was. Holding as we do that the writing here under consideration upon its face shows that it is not a full and complete contract between the parties touching the subject-matter of it, we overrule appellant's contention that the court was in error in permitting appellees to prove that it was agreed between the parties that the timber was to be removed from the land within 18 months thereafter.

[2] Another contention made by appellant is that the court was in error in overruling his motion for a peremptory instruction. This contention is based upon appellant's theory that the written instrument acknowledging the receipt of the purchase money of the timber above copied was a full and complete contract between the parties for the sale and purchase of the timber, and was clear and unambiguous in its terms, and that, therefore, the court should have instructed peremptorily in his favor, even though the court had erroneously admitted the oral testimony of appellee as to the timber being removed within 18 months. This contention is overruled for the same reasons stated relative to appellant's first contention.

[3] Appellant makes the further contention that the trial court was in error in not permitting him to prove that he had purchased other timber in the same vicinity as the timber in question from other parties, and that there was no agreement between him and them that he was to remove the timber within any specified time. Counsel cites no authority to sustain him in this contention, and we think none could be found. The fact, if a fact, that other parties had sold timber to appellant without requiring its removal within any specified time, would not, under the facts of this case, be admissible, even as a circumstance, to prove that his contract with appellees in this instance did not require him to remove the timber within any specified time.

This disposes of all the contentions made by appellant, as we understand them, and it follows from the conclusions expressed that they should all be overruled, and the judgment affirmed, and it has been so ordered.