HOUSTON OIL CO. OF TEXAS v. HAMILTON et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 21, 1913. Rehearing Denied Feb. 13, 1913.)

1. LOGS AND LOGGING (§ 3*)—SALE OF TIMBER — CONSTRUCTION OF CONTRACT — INTERESTS CONVEYED.

A deed of all the merchantable pine timber upon certain land, for the purpose of removing it, covenanted that the buyer should have all the time it demanded in which to remove it, and that the timber and the land were free from incumbrances, and generally warranted the title and possession. *Held*, that the sale was of the timber as personal property, and that, in the absence of a time specified for removal, the purchaser had a reasonable time therefor; the clause giving all the time demanded for its removal being properly construed as all the time needed, and the clause of general warranty not being inconsistent with its sale to be removed within a reasonable time.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

2. LOGS AND LOGGING (§ 3*)—SALE OF STANDING TIMBER—FAILURE TO REMOVE IN TIME—FORFEITURE.

A purchaser's failure to remove standing timber within a fixed time, or within a reasonable time, if none is fixed, works a forfeiture of his right to the timber not removed.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by the Houston Oil Company of Texas against Allen Hamilton and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for appellant. Hamilton & Minton, of Hemphill, and Blake & Williams, of Jasper, for appellees.

McMEANS, J. On June 12, 1900, W. C. Parsons sold to the Reliance Lumber Company, its successors and assigns, all the merchantable pine timber on a tract of land owned by him on the Marvin Bill one-third league survey in Jasper county. The title to the timber by mesne conveyances passed into appellant, and on January 26, 1909, the title to the land passed into appellees. During 1910, the appellees, or some of them, began cutting and removing the pine timber from the land, whereupon the appellant, on May 16, 1910, filed this suit in the district court of Jasper county alleging its ownership of the timber, and sued out an injunction restraining the appellees from further cutting and removing the timber from the land. The case was tried before a jury and resulted in a verdict and judgment for appellees, from which the appellant, after its motion for a new trial had been overruled, has appealed.

[1] The deed from Parsons conveying the timber to the Reliance Lumber Company, omitting the description of land upon which the timber was situated, is as follows: "The State of Texas, County of Jasper. Know all men by these presents, that I, W. C. Parsons, of the county of Jasper and state of Texas, for and in consideration of the sum of three hundred dollars cash to me in hand paid by the Reliance Lumber Company, have bargained, sold, transferred and delivered and by these presents do bargain, sell, transfer and deliver unto said Reliance Lumber Company (a corporation duly incorporated under the laws of the state of Texas) of the county of Jefferson and state aforesaid, all the merchantable pine timber now standing and growing upon the following described tract of land situated on the east bank of the Neches river in Jasper county, Texas, and being a part of the Marvin Bill one-third league survey. (Here follows description.) To have and to hold the said timber on the above-described premises together with the right of way into, upon, through and across said land, for the purposes of removing said pine timber thereupon unto the said Reliance Lumber Company, its successors and assigns forever, and I do hereby covenant and agree that the said Reliance Lumber Company shall have all the time it demands in which to remove said timber from off said land, and that said

timber and land is free from all incumbrances of every kind whatever, and I do bind myself, my heirs, executors and administrators to warrant and forever defend the right, title and possession of said pine timber, together with the right of way on, into, across and through said land unto the said Reliance Lumber Company, its successors and assigns, against every person whomsoever claiming or to claim the same or any part thereof. Witness my hand at Jasper, Texas, this 12th day of June, A. D. 1900. W. C. Parsons." The court construed this deed as requiring the timber thereby conveyed to be removed from the land within a reasonable time, and the jury by its verdict expressly found that a reasonable time in which to remove the timber had expired.

Appellant by its first assignment of error complains that the verdict and judgment for appellee are contrary to the law and the evidence, for the reason that the deed from Parsons to the Reliance Lumber Company is an absolute conveyance of the timber and passed the title in fee thereto, and is not susceptible of the construction placed thereon by the court requiring the timber to be removed within a reasonable time, failing to do which the timber reverted to the owners of the soil, and was forfeited to them by appellant. The second, third, fourth, and sixth assignments present substantially the same point, but in different language. By its propositions under these assignments appellant makes the following contentions: (1) That the deed in question granted the fee-simple title to the timber and an interest to that extent in the soil, and appellee had no interest therein; (2) that the deed granted the fee-simple title to the timber, and, for sustenance thereof, an interest in the land, and instead of evidencing an agreement that the timber should be removed within a reasonable time, or within any specified time, expressly negatived that idea by granting an absolute title with general warranty, and by expressly giving to the grantee therein all the time it demanded to remove the timber; (3) that the deed did not convey the timber as personal property to be removed within a reasonable time, but passed the title thereto as an interest in the realty, and precluded the owners of the soil from any reversionary interest therein; (4) that the provision in the deed that the grantee "shall have all the time it demands in which to remove said timber from off said land," in connection with the clause of general warranty, precludes the construction placed thereon by the court that the grantee was required to remove the timber within a reasonable time.

In support of its contentions, appellant cites, among other cases, that of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803. A correct decision of that case depended, as it in this case depends, upon a proper construction of the deed. The deed in that case was as follows: "I have bargained, sold and released unto the Hope Lumber Company, heirs and assigns, forever, in fee simple, the following described tract or parcel of land, to wit, all the timber on the ninety-six acres (being the land described in the petition), and I do hereby bind myself, heirs and legal representatives to warrant and forever defend, all and singular the title to the above-mentioned premises unto the said Hope Lumber Company, heirs and assigns, against every person or persons whomsoever lawfully claiming, or to claim, the same or any part thereof." In answering the following question certified by the Court of Civil Appeals, viz., "Did the title of the timber not removed from the land within a reasonable time revert to the owner of the soil?" the Supreme Court, in an opinion delivered by Associate Justice Williams, says: "The deed unmistakably expresses the intention to convey the timber as an interest in the land on which it stood, and to convey it in fee simple forever. It is a well-settled proposition that trees may be so conveyed or reserved in a deed as to leave in one person a title in fee in the soil generally and another a like title in the timber. Where this is the case, there goes with the title to the timber the right to the use of the soil for its sustenance and of entry upon the land for its enjoyment. Consequently no such limitation as that the timber must be removed within a reasonable time can be imported by construction into such a grant or reservation. The very terms of the deed, when it says the title is conveyed in fee simple forever, answer any question that might otherwise arise as to the nature and duration of the right granted."

There was no expression contained in the deed in the case cited from which it could be implied that the timber was sold as personalty only, or that an interest in the land for sustenance of the growing trees was not also conveyed; neither does it show expressly or by implication that it was contemplated by the parties at the time of the execution of the deed that the timber thereby conveyed should be at any time removed from the land by the grantee. The deed evidences a sale of the timber for a valuable consideration without any right of divestiture of the title by failure of the grantee to remove it. But we do not so construe the deed under consideration. Rather it falls in that class of conveyances referred to by Justice Williams in the Lodwick Case, where he says: "Contracts of different character for the sale of timber as personal property have been passed upon in a great number of reported cases and have usually been construed as giving only the right to cut and remove the timber within a time fixed by the parties, or, when the time is not expressly stipulated, within a reasonable time." What, then, are the features of this deed that distinguish it

from the deed construed in the Lodwick Case? It was a conveyance of only the merchantable pine timber then standing and growing upon the land, and not of all the timber, or that which might thereafter become merchantable; the right was granted to enter upon the land for the purpose of removing the timber conveyed, thereby expressing the intention of the parties that it should be removed and indicating that the parties contemplated its removal, and this intention is further shown by the stipulation that the grantee "shall have all the time it demands in which to remove said timber from off said land." It seems to us reasonably certain, in the light of all the terms of the deed, the grantor did not sell or intend to sell, and the grantee did not buy or intend to buy, any interest in the realty. Appellant contends that the stipulation in the deed that the grantee should have all the time it demanded to remove the timber, together with the clause of general warranty, negatives the idea that the timber should be removed within a reasonable time or within a specified time. We think this clause was intended as granting to the purchaser such time for the removal as was needful for that purpose, or, in other words, the clause should be construed as if read "shall have all the time it needs in which to remove," etc. The clause of general warranty is not inconsistent with the sale of timber to be removed within a specified time or within a reasonable time. Having reached the conclusion that, by the terms of the deed and from the intention of the parties evidenced thereby, the sale was of the timber as personal property, and that, in the absence of a specified time, the appellant must have removed it within a reasonable time, and the jury having especially found that a reasonable time for the removal of the timber had expired, we come to consider the effect of a failure of appellant to remove the same within a reasonable time.

[2] It seems that in this state that question is foreclosed. In Beauchamp v. Williams, 115 S. W. 132, it is said: "And we think it also must be said that the weight of authority on the subject is that the effect of a failure of the purchaser to remove the timber within a time fixed, or within a reasonable time if none is fixed, is to work a forfeiture of his right to the timber not so removed. Lodwick Lumber Co. v. Taylor, 99 S. W. 195; Haskell v. Ayres, 32 Mich. 93; Kennedy v. Dawson, 96 Mich. 83, 55 N. W. 616; Golden v. Glock, 57 Wis. 118, 15 N. W. 12, 46 Am. Rep. 32; Morris v. Sanders [Ky.] 43 S. W. 733; Jackson v. Hardin [Ky.] 87 S. W. 1119; Judevine v. Goodrich, 35 Vt. 19; Saltonstall v. Little, 90 Pa. 422 [35 Am. Rep. 683]; Garden City, etc., Co. v. Sims, 84 Ark. 603, 106 S. W. 959; McRae. v. Stillwell, 111 Ga. 65 [36 S. E. 604, 55 L. R. A. 513]; Land Co. v.

Adams, 54 Fla. 550 [45 South. 492]; St. Louis Cypress Co. v. Thibodaux, 120 La. 834 [45 South. 742]; Hawkins v. Lumber Co., 139 N. C. 162 [51 S. E. 852]; 28 Am. & Eng. Ency. Law (2d Ed.) 543."

We are of the opinion, therefore, that the trial court did not err in the construction of the deed, and that the assignments of error under consideration, with their several propositions, must be overruled.

We have examined the remaining assignments of error and have concluded that none of them points out reversible error. The judgment of the court below is affirmed.

Affirmed.