### Cummins, et al. v. Mullins.

(Decided March 21, 1919.)

#### Appeal from Rockcastle Circuit Court.

1. Appeal and Error—Upon What Decisions Are Based.—Decision: of this court are based upon the records filed and not upon affidavits filed with briefs of counsel.

2. Judgment—Conflicting Judgments.—Where there are two conflicting judgments rendered by the same court, upon the rights of the same parties, growing out of the same contract, that which is later in time will prevail.

J. C. CHENAULT and C. C. WILLIAMS for appellants.

BETHURUM & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee was elected sheriff of Rockcastle county, and appointed appellant, Detroit Cummins, as a deputy; said deputy, on the day of his appointment, executed a bond with J. H. Cummins, T. J. Nicely, Fritz Kreuger and Jonas McKenzie as sureties, under the terms of which the parties bound themselves that said deputy

would faithfully account to and pay over to the proper persons all public moneys or other things coming into his hands by virtue of said office. The sureties further obligated themselves to make good any defalcation on the part of said Detroit Cummins. Said deputy was later removed from office by the appellee and failing and refusing when called upon to make a settlement of his accounts, appellee instituted this suit against said deputy and his sureties, alleging that under the terms of his appointment the said deputy was to receive one-third of the commission for collecting the revenue due the county and state for the year 1914, and was to defray one-third of the expenses of the office; he was also to collect the taxes in the three precincts assigned to him, and be responsible for the collection of all taxes listed on the books in said precincts. Giving him full credit for all returns made and commissions due and charging him with uncollected taxes, and his proportion of the expenses of the office, together with $38.00 collected on an execution, all of which is set out in the petition, appellee alleged there was due him the sum of $583.14, for which he asked judgment.

Detroit Cummins was the only one of the several defendants to file any pleadings in the case and, because of their failure to plead, a judgment was entered January 31, 1916, against the four sureties. On March 30, following, appellee tendered an amended petition, notice of which was served on the said deputy, and in which amendment it was alleged that through mistake the original petition stated that the said deputy was entitled to one-third of the commissions of the office, while, as a matter of fact, he was only entitled to one-fourth, and likewise chargeable with one-fourth of the expenses, and therefore he was indebted to the appellee in the sum of $778.04, instead of $583.14, as alleged in the original petition. Said deputy filed a general demurrer to the amended petition; exceptions to the report of the commissioner, to whom a reference had been made to ascertain the amount due, and also filed a motion to strike the amended petition from the files. The demurrer and the motion to strike from the files were overruled and the cause again referred to the commissioner, and in the order of reference it is stated that by agreement the affirmative matter of the amended petition could be controverted of record, or a written pleading could be filed

not later than the June term of court. No further pleadings were filed, and in this state of the record the lower court on September 4, entered a judgment in favor of appellee for $778.04, against Detroit Cummins and the four sureties, all of whom, except Nicely, who was a defendant below, have appealed.

A motion was later made by the defendants to set aside this judgment on the ground that same was void. No affidavits were filed in support of the motion; however, in opposition to said motion the appellee filed certain affidavits, in effect stating that summons had been issued on the amended petition and same had been served on the several defendants, and though the summons was duly served it had become misplaced. The defendants' motion to set aside the judgment having been overruled the defendants prayed and were granted an appeal to this court.

Since the record has been filed in this court a number of motions have been made by both parties. Appellants contend there was no service of process on the amended petition, and, therefore, it has no binding effect upon them. This claim is made in the case for the first time through some affidavits filed in this court with the brief of the appellants on appellee's motion to strike from the files the judgment for $583.14. This comes too late. It appears from affidavits filed before the appeal was taken that summons on the amended petition was issued and served and no contradictory affidavits were filed. The affidavits now tendered in this court should have been field before the appeal was taken. We cannot try a case on affidavits. Carson's Admr. v. Dezarne, etc., 28 Rep. 761; Campbell v. Chitwood, 164 Ky. 638.

Appellee has filed a motion in this court to strike from the record the judgment for $583.13, rendered on January 31, 1916, but this motion will have to be overruled. It, too, should have been made in the court below.

We are referred to the case of Brown v. VanCleave, 86 Ky. 381, in which it is stated that by the rendition of a final judgment the power of the court is spent except for the purpose of setting aside the judgment or modifying it at the same term as may be provided by the rules of pleading, and the rights of the parties thus settled by the judgment are at an end. The litigated questions as raised by the pleadings are merged in the judgment. To the same effect are Meadows v. Goff, 90 Ky. 541; Harding

v. Harding, 145 Ky. 315. We do not question the correctness of this rule.

But after this first judgment was entered, and before the filing of the amended petition, the said deputy and his four sureties entered into an agreement with the appellee in which reference is made to the default judgment, and in which it is agreed that "the execution on said judgment shall be returned by the order of plaintiff and no further steps shall be taken to collect said judgment until it is finally determined the amount, if any, that is due the said Cam Mullins (appellee) from the defendant, Detroit Cummins; and it is agreed that whatever amount the final judgment in said action shall be against the defendant, Detroit Cummins, that the said amount shall be the amount the defendants in said action shall owe and shall pay to the plaintiff, Cam Mullins. . . ." This statement is not controverted by anything in the record, and it is evident the parties thereafter practiced the case relying upon this contract. Such is indicated by the later proceedings up to the entry of the second or supplemental judgment for the sum of $778.04.

Where there are two conflicting judgments rendered by the same court upon the same rights of the same parties, growing out of the same contract, that which is later in time will prevail. 23 Cyc. 1105. Hence this court will treat the first judgment to all intents and purposes as of no binding effect. The appellee is entitled to but one recovery, and his rights and the rights of the appellants shall be fixed and determined solely by the provisions of the judgment entered September 4; this is the only judgment from which an appeal is prosecuted.

The judgment of the lower court is therefore affirmed.