## SOUTHWESTERN SETTLEMENT & DEVELOPMENT CO. et al. v. MAY et al.
(No. 267–3491.)

(Commission of Appeals of Texas, Section A. Dec. 14, 1921.)

1. **Judgment ⬅951(3) — Parol evidence not admissible to contradict or vary verdict or judgment.**

On an issue of res adjudicata involving construction of verdict and judgment in former case, they are to be construed by their own recitals and read in the light of the record in that case, and parol evidence is not admissible to contradict, vary, or limit them.

2. **Judgment ⬅744 — Judgment held conclusive as to right to remove short leaf pine timber on certain land.**

A judgment of the Supreme Court perpetually enjoining defendants from removing merchantable pine timber standing and growing on certain land at date of a conveyance thereof, construed in the light of the record, *held* to apply to all the short-leaf pine timber on such land, and to preclude inquiry as to whether certain kinds of short-leaf pine timber were merchantable at the date of said conveyance.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Southwestern Settlement & Development Company and others against G. F. May and others. From judgment for defendants, plaintiffs appealed to the Court of Civil Appeals, and on judgment there (220 S. W. 133), bring error. Reversed and rendered.

H. O. Head, of Sherman, and Kennerly, Williams, Lee & Hill, of Houston, for appellants.

Smith & Lanier, of Jasper, for appellees.

GALLAGHER, J. The Southwestern Settlement & Development Company (unincorporated), suing by its trustees, and the Houston Oil Company of Texas, a corporation, plaintiffs in error, brought this suit in the district court of Jasper county, Tex., against G. F. May and wife, Callie May, and Allen Hamilton and wife, Pearl Hamilton, defendants in error, and alleged that they, plaintiffs in error, were the owners of all the merchantable pine timber then standing, lying, and growing on a certain tract of land described in their petition and situated in said county. They further alleged that defendants in error were cutting and appropriating said timber to their own use. They sued out a temporary injunction restraining defendants in error from further cutting of timber, and prayed for judgment on final hearing for all the pine timber on said land and for the perpetuation of such injunction.

Defendants in error disclaimed any interest in any pine timber standing, lying, or growing on said land which was merchantable June 12, 1900, but denied that plaintiffs in error were the owners of any pine timber then on said land which was not merchantable on June 12, 1900.

Plaintiffs in error, by supplemental petition, claimed title to all the short-leaf pine timber which was on said land on June 12, 1900, under a former judgment.

There was a trial by jury on June 2, 1919. Plaintiffs in error, in support of their plea of res adjudicata, showed that on and before June 12, 1900, one W. C. Parsons owned the land in question, together with all the timber thereon. On that date by written conveyance he sold to the Reliance Lumber Company all the merchantable pine timber then standing and growing on said land, together with right of way into, upon, through, and across said land for the purpose of removing said timber, and agreed that the grantee should have all the time it might demand in which to remove said timber from said land and warranted the title thereto.

Thereafter defendants in error became the owners of such title to said land as remained in Parsons after the execution and delivery of said conveyance.

Prior to 1910 the Houston Oil Company of Texas, one of plaintiffs in error, acquired all the rights of the Reliance Lumber Company, the original grantee in said conveyance.

In 1910 the defendants in error began cutting timber on said land, and the Houston Oil Company brought suit against them and alleged that it was the owner of all the merchantable pine timber on said land, that defendants in error were the owners of the land on which said timber was situated, and that they were cutting and appropriating said timber, and sued out an injunction to restrain such cutting. A trial of that case was had on December 11, 1911. Neither the pleadings of the defendant nor the facts proved at the trial nor the general charge of the court are before us. There is, however, in the record what is called a special charge given in that case in which the court told the jury that the evidence disclosed that there was standing and growing on said land on the 12th day of June, 1900, both long-leaf and short-leaf pine, and instructed them to find from the evidence whether or not at said date short-leaf pine was merchantable pine timber. The jury returned the following verdict:

"We, the jury, find that plaintiff has had a reasonable time in which to remove the merchantable pine timber, and find a verdict in favor of the defendants. We also find that short-leaf pine was merchantable pine timber at the time of the sale of said timber by W. C. Parsons to Reliance Lumber Company."

Judgment was entered thereon that said Houston Oil Company, plaintiff in said suit, take nothing therein, and that the defendants go thence without day and recover their costs.

The case was appealed to the Court of Civil Appeals and affirmed. Houston Oil Co. v. Hamilton, 153 S. W. 1194.

The Supreme Court, however, granted a writ of error, and on November 27, 1918, reversed the judgment of the Court of Civil Appeals and rendered judgment perpetually enjoining and restraining defendants in error from removing and selling the merchantable pine timber standing and growing on said land on June 12, 1900. 109 Tex. 270, 206 S. W. 817.

Notwithstanding the verdict of the jury and the judgment rendered by the Supreme Court in that case, the district court in the trial of this case, over objection of plaintiffs in error, heard evidence with reference to whether certain different kinds of short-leaf pine timber were merchantable at the date of said conveyance, and submitted such issues to the jury for determination. The jury found in response to such issues that· "Rosemary" pine timber and "Black Sap," "Loblolly," or "bastard" pine timber, the kinds inquired about, were short-leaf pine timber, but that neither of them was merchantable at said date.

The court rendered judgment on the verdict against plaintiffs in error and in favor of defendants in error for all timber situated on said land of whatever character or class, except the "long-leaf yellow" pine timber measuring 25 or more inches at the stump, for which timber so excepted judgment was entered in favor of plaintiffs in error.

Plaintiffs in error appealed from the judgment so rendered in this case to the honorable Court of Civil Appeals for the Ninth Supreme Judicial District.

The disposition made by the trial court of the "long-leaf yellow" pine timber situated on said land was not complained of in said appeal, and for that reason the findings of the jury and the judgment of the court thereon are not further recited in this opinion.

The honorable Court of Civil Appeals held that the right of plaintiffs in error to the merchantable short-leaf pine timber standing on said land at the date of said conveyance was adjudicated in their favor in said former suit, but further held that it was manifest that all sizes of such·timber were not mer-

chantable at the date of said conveyance, and reversed the case so far as it disposed of the short-leaf pine timber, and remanded it to the district court to determine what size timber of that kind now found on the ground was merchantable at the date of said conveyance. 220 S. W. 133.

Plaintiffs in error applied to the Supreme Court for a writ of error, and their application was granted.

Their application contains but one specification of error, the substance of which is that the Court of Civil Appeals erred in holding that plaintiffs in error were not the owners of all the short-leaf pine timber that was on said land at the date of said conveyance, but that they owned only such short-leaf pine timber as had attained a certain size, such size to be determined on another trial.

[1] This issue involves a·proper construction of the verdict and judgment in the former case. They must be construed by their own recitals read in the light of the record in the case in which they were rendered. Parol evidence is not admissible to contradict, vary or limit them. 17 Cyc. p. 571, par. B; 23 Cyc. p. 1102, par. 5; Allen v. Read, 66 Tex. 13, 19, 17 S. W. 115.

[2] They can be given full force and effect only by holding that they apply to all the short-leaf pine timber on said land at the date of the conveyance. Any other construction would be against the plain import of· the language used and an unwarranted limitation of their force and effect.

We therefore· recommend that the judgment of the Court of Civil Appeals be reversed, and that judgment be here rendered for plaintiffs in error against defendants in error for all the short-leaf pine timber which was standing or growing on said land on June 12, 1900, and for all the long-leaf yellow pine timber standing or growing on said land that was 25 inches or more in diameter at the stump on the 2d day of July, 1919, and enjoining and restraining defendants in error, and each of them, from cutting, destroying, or removing any of the pine timber awarded by such judgment to plaintiffs in error, and for all costs of suit, and directing that such judgment be certified to the district court for observance.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.