## Sipple v. Catron.

(Decided October 17, 1924.)

### Appeal from Lee Circuit Court.

1. Creditors' Suit—Judgment Creditor has Right to Rely Upon Officer's Return of "No Property Found."—Judgment creditor has right to rely on officer's return of "no property found," and, such return having been made, may file suit in equity, under Civil

Code of Practice, section 439, and attach property in another county in absence of fraud, notwithstanding judgment debtor has large amount of property in county.

2.  Appeal and Error—Creditors' Suit—Judgment Creditor in Suit for Discovery Not Entitled to Judgment for Debt, but Error Held Not to Require Reversal.—In suit in equity, under Civil Code of Practice, section 439, for discovery of property and satisfaction of judgment, court erroneously gave plaintiff judgment for debt, he having one judgment which he was seeking to collect, and not being entitled to a second, but this error does not require reversal.

3.  Judgment—Last of Two Judgments on Same Contract Prevails.— Where there are two conflicting judgments rendered by same court upon same rights of same parties, growing out of same contract, that which is later in time will prevail.

GOURLEY, GOURLEY & PARRISH for appellant.

BLAKEY & BLAKEY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant complains of the action of the lower court in subjecting certain money of his in the Phoenix & Third National Bank to the payment of a claim of appellee.

In October, 1921, appellee recovered of appellant a judgment in the Lee circuit court for $500.00 with interest from July 5, 1921, and $16.50 costs. On November 2, 1921, execution issued theron and was placed in the hands of the sheriff of Lee county, and on November 4, 1921, the sheriff returned this execution "no property found."

On February 27, 1922, this suit was filed under section 439 of the Civil Code. A summons and copy issued to Lee county, also an order of attachment and three copies, and an order of attachment and a copy was issued to Laurel county, and another to Fayette county. The attachment issued to Fayette county was served upon the Phoenix and Third National Bank of Lexington, which by answer disclosed that it had ample funds belonging to Sipple to pay Catron's debt.

Sipple in his answer and counterclaim does not controvert the debt at all, but says that on November 4, 1921, he had more than $25,000.00 worth of property in Lee county, out of which the sheriff could have made the execution then in his hands, and that the sheriff's return of no property found is untrue, and was untrue when made.

Sipple asked that petition be dismissed and attachment be discharged. Sipple's demurrer to the petition, his motion to discharge the attachment and Catron's demurrer to the answer and counterclaim were all overruled. This case was prepared and submitted and the court gave Catron judgment for $500.00 with interest from July 5, 1921, for $16.50 costs of former action, and for the costs of this action. The court sustained the attachment and the master commissioner was directed to pay to Catron the $566.42 which had been paid to the commissioner by the Phoenix and Third National Bank, under order of the court. Sipple superseded this judgment and has appealed.

More than twelve pages of the record are made up of depositions taken by Sipple to establish what a wealthy man he was. His counsel contends in his brief that Sipple was worth perhaps as much as $200,000.00. What he was worth is immaterial, unless he can establish that this return of "no property found" was fraudulently made, and that he failed to do. Catron had a right to rely upon the officer's return. He is not required to know that the return is true. Clements v. Waters & Hayden, 90 Ky. 96, 13 S. W. 431.

The right under Civil Code, section 439, to proceed in equity and to obtain attachment without affidavit or bond depends on the existence of a valid execution returned "no property found," and not on the truth of the return, but on the fact that the execution is so returned. Farmers' National Bank v. National Bank of Lancaster, 4 Ky. Law Rep. 451.

The court erroneously gave Catron a judgment in this case for his debt. He had one judgment, which he was seeking to collect, and was not entitled to a second. This error does not require the reversal of the case to correct it.

> "Where there are two conflicting judgments rendered by the same court upon the same rights of the same parties, growing out of the same contract, that which is later in time will prevail." Cummins v. Mullins, 183 Ky. 666, 210 S. W. 170.

The judgment is affirmed.