·STEPHENSON et al. v. MILLER–LINK LUMBER CO. .(No. 557–4296.)*

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

**1. Judgment ⬥⟾644—Rule of conclusiveness applies to all judicial determinations.**

Rule of conclusiveness applies to all judicial determinations, whether made in actions legal or equitable, or in summary or special proceedings.

**2. Judgment ⬥⟾713(1)—Rule of conclusiveness stated.**

Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in determination of an action before a competent court in which final judgment or decree is rendered upon the litigation, is conclusively settled by that judgment or decree as between the·same parties, and cannot again be litigated, whether' claim, demand, purpose, or subject-matter of the two suits is same or not.

**3. Judgment ⬥⟾644—Judgment enjoining cutting and removing of timber held res adjudicata of plaintiffs' title.**

Judgment perpetuating injunction against interference with cutting and removing timber, which court found was owned by plaintiff, *held* res adjudicata of title thereto in subsequent suit to recover damages for value of such timber taken by defendant, notwithstanding that former judgment was rendered in friendly litigation in which no real contest took place.

**4. Appeal and error ⬥⟾362(1), 1082(2)—Supreme Court unauthorized to review questions of law not raised in motion for rehearing in Court of Civil Appeals.**

Supreme Court has no authority to review questions of law not raised in motion for rehearing in Court of Civil Appeals or not raised in application for writ of error.

**5. Appeal and error ⬥⟾362(1) — Application for writ of error constitutes sole basis of Supreme Court's jurisdiction.**

Application for writ of error constitutes sole basis of Supreme Court's appellate jurisdiction from Court of Civil Appeals.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Miller-Link Lumber Company against R. .M. Stephenson and others, in which the named defendant's heirs, on his death, and George W. Brown and another, as receivers for plaintiff, were substituted as parties. Judgment for defendants was reversed and rendered in part, and reversed and remanded in part, in 265 S. W. 215, and defendants bring error. Affirmed.

Tom O. Stephenson and A. M. Huffman, both of Beaumont, and Kennerly, Williams, Lee & Hill, of Houston, for plaintiffs in error.

Conrad J. Landram, C. L. Carter, and Homer L. Bruce, all of Houston, for defendant in error.

SPEER, J. [1-3] A very full report of this case will be found in the opinion of the Court of Civil Appeals for the Ninth District. 265 S. W. 215. The cause is before us upon application for writ of error by R. M. Stephenson et al. who were appellees in the Court of Civil Appeals. All of the grounds of error set forth in the application center about the contention that the final judgment in a former suit by the same parties wherein the court perpetuated an injunction in favor of defendant in error with respect to the timber involved in this case is not conclusive in the present controversy of plaintiffs in error's right to recover damages for the value of such timber taken by defendant in error. This contention of plaintiffs in error is based upon the erroneous idea that the judgment in

*Rehearing denied January 27, 1926.

the first action is not conclusive in this suit because the two causes of action were not identical. But it is not material that the question claimed to have been precluded by the former adjudication was determined in a different kind of proceeding or a different form of action from the present case in which the estoppel is pleaded; the parties and the issues being such as otherwise would be concluded. The rule of conclusiveness applies to all judicial determinations, whether made in actions, legal or equitable, or in summary or special proceedings. 34 C. J. p. 881. Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litigation is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not. This principle is perhaps more accurately described by the phrase "conclusiveness of judgment" rather than "bar by former judgment." State v. Ortiz, 99 Tex. 475, 90 S. W. 1084; 34 C. J. p. 743; Id., p. 868; Id., p. 902. That the former judgment was rendered in friendly litigation where no real contest took place does not take away its conclusive effect. Tompkins v. Hooper (Tex. Civ. App.) 200 S. W. 193. That the judgment perpetuating the injunction necessarily upon the ground that defendant in error was the owner of the timber in controversy is conclusive upon the question of title to the timber, and therefore damages for its value in this case cannot successfully be denied. See Southwestern, etc., Co. v. May (Tex. Com. App.) 235 S. W. 529.

Of course, if the judgment in the injunction proceeding had been set aside, or if in the subsequent proceedings any agreement has been made, or action taken by the parties, or other fact whatsoever would require the application of any principle of equity to relieve against the otherwise binding effect of this prior judgment, we would not, under the facts disclosed by this record, hesitate to look most diligently into such contention. It has been held that one who has caused a second judgment to be entered cannot claim the earlier one to be the final judgment. So a vacation of the first judgment may be implied where the parties by agreement thereafter proceed to trial and a new judgment. Free-man on Judgments (5th Ed.) vol. 1, § 102, p. 181. The text cites the following cases: Colchen v. Ninde, 120 Ind. 88, 22 N. E. 94; Stewart v. Henry, 5 Blackf. (Ind.) 445; Jemo v. Tourist, etc., Co., 55 Wash. 595, 104 P. 820, 30 L. R. A. (N. S.) 926, 19 Ann. Cas. 1199; Herzog v. Palatine Ins. Co., 36 Wash. 611, 79 P. 287. In the opinion in Colchen v. Ninde this statement appears:

"It does not appear by direct evidence that the judgment originally obtained was formally set aside; but it does appear that, after the execution of the bond, the cause was again tried, and the principal obligor afforded an opportunity to make his defense; and as a result of the last trial a new judgment was rendered. This had the effect to wipe out the first judgment, if it had not been done before."

See, also, Cummins v. Mullins, 183 Ky. 666, 210 S. W. 170.

[4-5] But the difficulty we have had affording plaintiffs in error any relief upon the principles here adverted to lies in the fact that no such point is made in the application for writ of error. It is thoroughly settled that we have no authority to review questions of law not raised in the motion for rehearing in the Court of Civil Appeals, or not raised in the application for the writ. Each of plaintiffs in error's five assignments in this court presents clearly and concretely the sole question of law, differently phrased, that the prior judgment is not res adjucata and conclusive herein on the issue of title, since title to the timber was not an issue under the pleadings or evidence in the injunction case. This proposition of law has been squarely presented by plaintiffs in error, and we must hold against it. It would seem by no sort of liberal interpretation of the assignments can it be said plaintiffs in error seek to avoid the legal effect of the prior adjudication upon any equitable consideration. No such issue was tendered by their pleadings below, nor in the application, which constitutes the sole basis of our jurisdiction.

For these reasons, we recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.