## TEXAS VEGETABLE UNION et al. v. ZA-VALA–DIMMITT COUNTIES WATER IMP. DIST. NO. I.

### No. 9009.

Court of Civil Appeals of Texas. San Antonio.

Feb. 22, 1933.

Rehearing Denied March 15, 1933.

David E. Hume, of Eagle Pass, for plaintiff in error.

Terrell, Davis, Hall & Clemens, of San Antonio, for defendant in error.

FLY, Chief Justice.

This is a suit for taxes, for the year 1929, which with penalties and attorney's fees amounted in the aggregate to the sum of $2,125.55, and for foreclosure of a tax lien on several tracts of land aggregating 824.26 acres, all in Zavala county. The testimony was heard by a jury, after which a verdict was instructed for appellee for $2,276.25, for taxes, interest, penalty, and attorney's fees, and a foreclosure of the lien on the land. L. H. Duncan and A. D. Eidson were codefendants with the vegetable union, and judgment was rendered against them also. Judgment was by default against L. H. Duncan. The writ of error was prosecuted by the Texas Vegetable Union alone.

The first proposition complains of a personal judgment against the union because the allegations do not show that the union owned the land in 1929. We overrule the proposition. The allegations were sufficient to show that the union owned the land in 1929, and failed to pay the taxes. This fact was questioned throughout the trial, but the property was treated by all concerned as the property of the vegetable union during the time the taxes accrued. The facts show that the owner failed to render the taxes for 1929 and they were duly assessed against said union.

The second and third propositions are overruled. The union was fully notified to appear before the board of equalization. The notice of assessment was duly sent to the union and it did not offer any testimony that it did not receive the notice. The law was fully complied with.

The fourth and fifth propositions are totally without merit and are overruled. All the lands on which the vegetable union was sued for taxes were within the boundaries of the district and a part thereof. It would be absurd to hold that the union should not be held liable for its taxes because a dam erected by it had been washed out.

There is no error in the judgment, and it is affirmed.