JONES et ux. v. FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO.

No. 10287.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1938.

Rehearing Denied Aug. 3, 1938.

Seabury, Taylor & Wagner, of Brownsville, for appellants.

Lawther & Cramer, of Dallas, and Oliver C. Aldrich, and Felix L. McDonald, both of Edinburg, for appellee.

SMITH, Chief Justice.

First Trust Joint Stock Land Bank of Chicago brought this action in trespass to try title against James B. Jones (and wife), to recover title and possession of approximately 3,000 acres of land in Cameron County. The bank recovered upon a directed verdict and Jones has appealed.

It appears that in 1925 Jones executed his notes, aggregating $30,000, payable to a Dallas bank and afterwards transferred to appellee, in semi-annual installments of $1,050 each, together with a deed of trust upon the land involved, to secure said notes.

It appears, further, that Jones paid said installments as they accrued, up to 1930, in which year he conveyed the land (except 200 acres) to Pan American University, which not only assumed the unpaid installments on said notes, but executed its vendor's lien note to Jones for a million dollars, as additional consideration.

Upon acquiring title Pan American University, defaulting in payments of installments upon the assumed note, began selling off and conveying parcels of the land to numerous other persons, to the dissatisfaction of the bank, holder of the first lien, and Jones, holder of the second lien.

In this situation, it is contended by Jones, he entered into an agreement with the bank that the latter, for a stated consideration, would proceed to foreclose its first lien upon the land, buy in the property at a sale at which Jones would refrain from bidding, and then reconvey it to Jones for the amount of the unpaid balance upon his original obligation, to be amortized as before.

It appears that the bank did foreclose its lien, and buy in the property, but afterwards instead of reconveying to Jones, in pursuance of the alleged agreement, brought this suit in trespass to try title against Jones and wife, based on its title acquired at such sale.

It is contended by Jones that the uncontroverted evidence shows that the bank agreed to foreclose and buy in the land at the trustee's sale, and reconvey it to him, in consideration of Jones' reciprocal agreement not to oppose the trustee's sale nor the bidding thereat, and in further consideration of Jones' waiver of certain claims he had against the bank in connection with the latter's misapplication of $9,960 paid by Jones on his indebtedness; that Jones fully and completely performed his part of said agreement, whereby, in reliance upon the bank's promise, he failed to hinder, or protect himself at, the trustee's sale, which he otherwise would have done, "thereby enabling the bank to bid in the property" for $20,000, whereas, he contends, the uncontroverted testimony was that the property was "worth" $151,000.

It appears from the record that the controversy between the parties was twice litigated before this suit was brought, resulting in the entry of consent decrees, based upon evidence, on August 6, 1935, and February 7, 1936. It further appears that the very matters set up by Jones in defense of this suit were adjudicated in the two judgments previously rendered in the same court, and those judgments were set up by the bank in this suit under appropriate pleas of res adjudicata.

Appellant does not question the effect or finality of the prior judgments or efficiently allege or show that the rendition or entry thereof was procured through fraud, accident or mistake. He simply contends that in consideration of his agreement to the entry of those decrees, the bank promised to buy in the land at the impending trustee's sale, and reconvey it to him for the amount of the unpaid balance upon his notes, amortized as before, but that the bank breached the promise to reconvey and brought this trespass to try title suit instead. Appellant prayed for alternative remedies for the alleged breach.

■ We are of the opinion that appellant has failed to make the case relied upon by him. We have carefully reviewed the record. Appellant contends, first, that he paid $9,960 upon his debt to the bank, which the latter misapplied, allocating it to future rather than matured installments; and appellant contends that the bank agreed to buy in and reconvey in consideration of appellant's waiver of objection to that misapplication. This contention is not available to appellant, however, for the reason that the question of misapplication was expressly adjudicated in the prior judgment of February 7, 1936, in which the court found as a fact that the payments theretofore made by appellant, which included said payment of $9,960, had been "properly applied" by the bank.

■■ With reference to appellant's further contention that in consideration of his agreement not to oppose or hinder the trustee's sale, or bid thereat, the bank agreed to buy in and reconvey to appellant, that contention is expressly, or by necessary implication, negatived by findings or recitals in the prior decree of February 7, 1936, in which it was decreed that "nothing in the agreement of the parties or in this judgment shall stay or prevent the" sale of the lands "other than the payment in full of its entire indebtedness." The prior decrees purported to embrace the entire agreement of the parties by which their rights and liabilities as then existing were fixed in the judgment, and we know of no rule which would permit a nullification of such judgment by parol, except upon specific allegations and proof of fraud, accident and mistake, which is not the case made here. Stephenson v. Lumber Co., Tex. Com.App., 277 S.W. 1039, and authorities there cited.

The judgment is affirmed.