## ZAVALA–DIMMIT COUNTIES WATER IMPROVEMENT DIST. NO. I et al. v. DUNCAN.

### No. 10504.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1939.

Rehearing Denied April 26, 1939.

Birkhead, Beckmann, Stanard & Vance, of San Antonio, and G. C. Jackson and R. S. Crawford, both of Crystal City, for appellants.

Wurzbach & Glosserman, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by L. H. Duncan against Zavala-Dimmit Counties Water Improvement District No. 1, seeking to have certain land owned by him and described as follows: Sections forty-one (41) and twenty-nine–A (29–A), out of what is known as the Cross S. Ranch in Zavala County, Texas, as per plat of same made by Surveyor G. M. Jowers, and of record in Volume P. page 487, Deed Records of Zavala County, Texas, to which plat reference is here made, declared to be no part of said Water Improvement District. The Reconstruction Finance Corporation duly intervened in the case and set up the fact that it was the holder of certain refunding bonds issued by the Water Improvement District, and prayed that L. H. Duncan be allowed no relief by reason of his suit.

The trial was to the court, without the intervention of a jury, and resulted in judgment in favor of L. H. Duncan declaring his land to be no part of the Water Improvement District and removing cloud from his title cast thereon by reason of an alleged annexation of his land to the district.

From this judgment the Water Improvement District and the Reconstruction Finance Corporation have prosecuted this appeal.

The trial judge filed full and complete findings of fact which are not challenged by any of the parties, so we may consider them as undisputed.

The trial judge finds, among other things, that after the Water Improvement District was duly created, one W. W. Walker, the then owner, made an application to the district to have the land herein involved annexed to the District, describing the land as set out above, except the book and page reference did not appear in the description.

Thereafter, on October 8, 1925, the Board of Directors of the District made an order purporting to annex the land to the District. L. H. Duncan and his predecessors in title have paid taxes in said District since said application and order.

On May 7, 1926, a judgment was entered in the 53rd District Court of Travis County in cause No. 42,446, styled Zavala-Dimmit Counties Water Improvement District No. One v. Dan Moody, Attorney General, et al., validating the bonds of the District. Other validating suits were filed in Travis County, which need not be further mentioned here.

The lands herein involved were conveyed by the Texas Vegetable Union, a corporation, to L. H. Duncan, by deed dated May 14, 1936. On April 26, 1930, suit was filed by the Water Improvement District in the District Court of Zavala County, Texas, against Texas Vegetable Union, A. D. Eidson and L. H. Duncan for taxes on the land herein involved, being cause No. 2098, styled Zavala-Dimmit Counties

Water Improvement District No. 1 v. Texas Vegetable Union, A. D. Eidson and L. H. Duncan.

Texas Vegetable Union, as defendant, answered in said cause and defended against said suit in part on the ground that the lands "are not now and have never been legally included within the boundary of the plaintiff District and are not now lawfully a part of said District and were not a part of said District when the tax sued for herein was levied," and prayed that the lands be judicially declared to be without and not a part of said District.

Judgment was rendered in said cause on November 19, 1931, by said Court on instructed verdict for taxes, interest, penalty, and attorney's fees, and for foreclosure of tax lien.

Defendant Texas Vegetable Union and A. D. Eidson, another defendant, appealed said cause, and the judgment of the trial court was affirmed by this Court. Texas Vegetable Union et al. v. Zavala-Dimmitt Counties Water Improvement District No. 1, Tex.Civ.App., 57 S.W.2d 883, writ refused.

Plaintiff, L. H. Duncan, was made a party defendant in said cause No. 2098, it being alleged that the said L. H. Duncan and A. D. Eidson either owned, held, or asserted some interest or lien or encumbrance on the lands described in the petition, and the said L. H. Duncan filed no answer and made no appearance.

The Cross S. Ranch was subdivided by G. M. Jowers, prior to 1913, into sections and farms, and plats of such subdivision were prepared from an actual survey on the ground, and such plats are recorded in the deed records of Zavala County, Texas, and have since been commonly used for descriptions of any part or parts of said Ranch for all purposes.

Appellants contend that L. H. Duncan, being a party to cause No. 2098, in which the question as to whether or not the land herein was a part of the Water Improvement District was fully adjudicated, he is estopped by the judgment in that cause from again litigating that question.

We sustain this contention. It is clear that the court had jurisdiction of the parties, and the subject-matter and had the power to render the judgment which it did render in cause No. 2098. Duncan being a party to that suit and the very question which he now seeks to raise having been decided against him therein he is now estopped by the judgment in that cause from again having such question adjudicated.

Appellee, Duncan, contends that the application to annex his property, having not described the property by metes and bounds, as required by Art. 7649, R.C.S. 1925, the Board of Water Improvement District did not have jurisdiction to pass the order annexing his property to the District. In support of this contention he relies on a recent decision of this Court, styled Grand Lodge of the Order of the Sons of Hermann in the State of Texas v. Curry, 108 S.W.2d 574. It is true that in that case this Court held that the application to annex did not describe the land to be annexed by metes and bounds, and was therefore insufficient, in the light of the provisions of Art. 7649, R.C.S.1925, to confer jurisdiction upon the Board of Directors of the Water Improvement District to annex the land. We might here point out that the description in the application to annex the land here involved is a much better description than that contained in the application in the Curry case. That fact alone might be sufficient to distinguish the two cases, but we do not deem it necessary to decide that question here. Even though it be conceded that there is a conflict in our decision in cause No. 2098, Texas Vegetable Union v. Zavala-Dimmitt Counties Water Imp. Dist. No. 1, found in 57 S.W.2d 883, and our decision in the Curry case, nevertheless, Duncan, having been a party to cause No. 2098, is estopped by the judgment in that cause whether it was decided correctly or not. It was a final judgment of a court of competent jurisdiction, affirmed by this Court, and a writ of error refused by the Supreme Court.

The question as to whether or not the application in cause No. 2098 met the requirements of Art. 7649, R.C.S.1925, was a fact to be decided in that cause, and it having been decreed in effect by a final judgment, that such application was sufficient, such finding is binding on Duncan, unless and until that judgment is set aside.

In Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329, Justice Denman said: "It is well settled that where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause of which it has jurisdiction, such judgment is never void, no matter how erroneous it may appear from the face of the record otherwise."

To the same effect is Dallas Joint Stock Land Bank v. Street, Tex.Civ.App., 76 S.W.2d 780.

In 25 Tex.Jur. § 258, at page 700, it is said: "When, according to the established practice, a court has acquired jurisdiction over a controversy, it becomes invested with power to decide every question which arises therein either correctly or incorrectly, for jurisdiction includes the power to decide either way. It follows that mere error or irregularity will not make a judgment void, if the court rendering it had jurisdiction."

In 26 Tex.Jur. § 353, at page 11, it is said:

"The general principle, announced in numerous cases, is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies. The Supreme Court of the United States, in a leading case, has outlined the essentials of the rule in the following terms:

" 'A question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action.' State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831; Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355.

"A similar summarization of the doctrine by the Commission of Appeals is as follows:

" 'Any right, fact, or matter in issue directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litigation is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not.' Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039, affirming Tex.Civ.App., 265 S.W. 215, per Speer, J."

See, also, Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526, 527; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; 34 Corpus Juris § 1289, p. 881; 26 Tex.Jur. p. 17, § 355.

The conclusion we have reached renders appellants' other propositions immaterial.

The judgment will be reversed and judgment here rendered that appellee, L. H. Duncan, take nothing and pay all costs of this and the court below.

Reversed and rendered.