

# The Attorney General of Texas

May 17, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bennie Bock II
Chairman
Committee on Environmental Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. MW-471

Re:  Removal  of  timber  from
land  restricted  to  use  for
public park and/or recreational
purposes

Dear Representative Bock:

You have requested our opinion regarding the authority of the
city of Rusk to sell timber rights to a 293.73 acre tract located in
Cherokee County.   In addition, you inquire as to what form a
conveyance of timber should take; the application of articles 1019,
5421q,  and  5421c-12,  V.T.C.S.,  to  the  proposed  sale;  and  the
disposition of proceeds from such sale.

In your opinion request you state that the land in question was
obtained by trading a portion of a 487.33 acre tract which was
conveyed to the city of Rusk by the Sixty-second Legislature, Acts
1971, chapter 526, at 1787 [herein referred to as Senate Bill No.
520].  The act specifies that "the land herein conveyed is to be used
by the city of Rusk for public park and/or recreational purposes.  If
such land should be traded by the city of Rusk for other land, such
other land shall be used for the same purposes."  Id. at §2.

Therefore, under the terms of the grant, the tract in question is
impressed with the same restrictions on use as the original 487.33
acres conveyed by Senate Bill No. 520.

Our answer to your inquiries will depend on the type of interest
the city intends to convey.  A timber deed which conveys title to
standing  timber,  and  contains  language  specifically  granting  a
perpetual right to cut and remove, conveys an interest in land.
Lodwick Lumber Company v. Taylor, 98 S.W. 238 (Tex. 1906).

The city of Rusk is a general law city whose authority to convey
an interest in land dedicated to park purposes is granted by statute.
A sale of perpetual timber rights would therefore be by virtue of, and
subject to, the requirements of articles 1017 and 1019, V.T.C.S.
Zachry v. City of San Antonio, 305 S.W.2d 558 (Tex. 1957); City of

Dublin v. Barrett, 242 S.W. 535 (Tex. Civ. App. – San Antonio 1922, writ dism'd w.o.j.).

Article 1017 provides in part:

> The governing body of any incorporated city or town in this State, however incorporated, may sell and convey any land or interest in land owned, held or claimed as public square, (or) park.... The proceeds of any such sale shall be used only for the acquisition and improvement of property for the same uses as that so sold... such sales shall be made by an ordinance passed by such governing bodies which shall direct the execution of conveyance by the mayor or city manager of any such city or town.

Article 1019 provides:

> No public square or park shall be sold, until the question of such sale has been submitted to a vote of the qualified voters of the city or town, and approved by a majority of the votes cast at such election.

We conclude that a conveyance of perpetual timber rights to the subject tract, since it is an interest in real property, can be made only after such conveyance has been approved by the majority of the voters in an election as provided by article 1019. The conveyance could then be made pursuant to city ordinance as provided by article 1017. Proceeds from the sale could only be applied toward the acquisition or improvement of property used for public park and/or recreational purposes.

We also conclude that the provisions of articles 5421q and 5421c-12, V.T.C.S., are applicable to a sale of perpetual timber rights by the city of Rusk.

Article 5421q reads in part as follows:

> Section 1. No department, agency, political subdivision, county, or municipality of this state shall approve any program or project that requires the use or taking of any public land designated and utilized prior to the arrangement of such program or project as a park, or recreation area... unless such department, agency, political subdivision, county, or municipality, acting through its duly authorized governing body or

officer, shall determine, after notice and a public hearing as required herein, that (1) there is no feasible and prudent alternative to the use or taking of such land, and (2) such program or project includes all reasonable planning to minimize harm to such land, as a park (or) recreation area... resulting from such use or taking; clearly enunciated local preferences shall be considered, and the provisions of the Act do not constitute a mandatory prohibition against the use of such area if the findings are made that justify the approval of a program or project.

Sec. 1a.  The department, agency, board, or political subdivision having control of the public land is not required to comply with Section 1 of this Article if:

(1)  The land is originally obtained and designated for another public use and is temporarily used as a park, recreational area, or wildlife refuge pending its utilization for the originally designated purpose;

(2)  The program or project that requires the use or taking of the land being used temporarily as a park, recreation area, or wildlife refuge is the same program or project for which the land was originally obtained and designated; and

(3)  The land was not designated by the department, agency, political subdivision, county, or municipality for use as a park, recreation area, or wildlife refuge prior to the effective date of Section 1a of this Act.

Section 1a became effective September 1, 1975, while the city received the land in question in 1971. Thus, section 1a(3) does not apply to this land. We believe the sale of timber rights constitutes a taking or use of a park or recreational area, and we find nothing in the language of section 1a which would exempt the city from the requirements of the act.

Article 5421c-12 provides that "no land owned by a political subdivision of the State of Texas may be sold" without publication of notice that the land is offered for sale and the procedures under which sealed bids to purchase the land may be submitted. While there has been no judicial determination as to whether article 5421c-12

applies to a sale of less than fee simple interest, section 4 of the act provides:

> Any conveyance, sale or trade made under the exemptions set forth in Section 2, shall never be for less than the fair market value of the land or interest being conveyed, sold, or traded, as determined by an appraisal obtained by the political subdivision, which shall be conclusive of the fair market value thereof.

We construe the statutory phrase "an interest in land" in section 4 of the act to apply to conveyances of less than fee simple title. Therefore, the city of Rusk would be required to publish notice and receive sealed bids prior to a sale of perpetual timber rights on the subject tract.

The foregoing discussion has been premised upon the assumption that the city of Rusk intends to sell a perpetual timber right which would constitute a conveyance of an interest in the park land. With the exception of the application of article 5421q, different conclusions will result if the city intends to convey something less than a perpetual estate in the subject timber. In Texas, a conveyance of standing timber which specifies a limited time for cutting and removal, or is silent in this regard, is a sale of personalty which passes title to only those trees which are cut and removed within the specified time. It passes no interest in the land. Lodwick Lumber Company v. Taylor, supra; Boykin v. Rosenfield, 9 S.W. 318 (Tex. 1887). Therefore, such a conveyance by the city would not be subject to the provisions of articles 1017, 1019, or 5421c-12, since, by their own terms, these statutes apply only to sales of land or an interest in land. Article 5421q, however, applies to "uses of park or recreational areas." (Emphasis added). In our opinion, the cutting and sale of timber is a "use" within the meaning of the statute, and the city of Rusk must comply with its provisions prior to any sale.

The city of Rusk, as a general law city, has the general authority to convey personal property pursuant to article 962, V.T.C.S. The city is limited, however, in its exercise of this power with respect to timber growing on the subject tract. The terms of Senate Bill No. 520 restrict the use of the land granted therein, or land obtained in trade, to use as a public park. The city is precluded from effectuating a sale of timber if said sale constitutes using the land for something other than park or recreational purposes. Zachry v. City of San Antonio, supra. We have found no authority, and we are not prepared to state categorically, that the removal of timber from park land is per se a non-conforming use. Such a determination is a factual matter which we are not empowered to determine. It is our view, however, that a particular use of a park or recreational

area would likely be judicially upheld as permissible, if it would reasonably and probably contribute materially to the enjoyment of the land by members of the public. King v. City of Dallas, 374 S.W.2d 707 (Tex. Civ. App. - Dallas 1964, writ ref'd n.r.e.); City of Dallas v. Etheridge, 253 S.W.2d 640 (Tex. 1953). The removal of timber must therefor be directly related to the improvement of the land for park or recreational purposes.

                              S U M M A R Y

The city of Rusk is empowered to sell timber on land dedicated for park and/or recreational use. A sale of perpetual timber rights is a sale of an interest in real property. Therefore, the city must comply with the requirements of articles 1017, 1019, 5421q, and 5421c-12. A sale of limited timber rights is a sale of personalty, but constitutes a use of park land under 5421q. The proceeds of a sale of limited timber rights may be expended only for the improvement of the land for park or recreational purposes.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bob Hughes
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger